STATE v. WILLIAM DeBERRY.

(Filed 3 January, 1945.)

**1. Courts § 9—**

The purchase of lands by the United States, within the limits of a State, does not of itself oust the jurisdiction of the State over the lands so purchased; but where the purchase is with the full consent of the Legislature of the State, the jurisdiction of the United States then becomes exclusive.

**2. Same—**

The consent of the Legislature of a State to the acquisition of lands within its borders by the United States, having once been given, may not thereafter be revoked or withdrawn, unless Federal jurisdiction had not been accepted.

**3. Same—**

The Legislature of the State may qualify its consent to the acquisition of lands within its borders by the United States so as to retain some jurisdiction or partial jurisdiction over such lands.

**4. Same—**

Jurisdiction of the United States is exclusive over property in this State, acquired in 1899 by virtue of Art. I, sec. 8, clause 17 of the Federal Constitution and with the State's legislative consent as expressed in ch. 136, Public Laws 1887, and such exclusive jurisdiction is not affected by the restrictive provisions of G. S., 104-1 and 104-7 subsequently enacted, which are prospective only.

APPEAL by defendant from *Clement, J.,* at July Criminal Term, 1944, of FORSYTH.

Criminal prosecution tried upon warrant charging the defendant with assault and battery on "one Louise Johnson, a woman, he being a man over eighteen years of age," in violation of G. S., 14-33 (C. S., 4215).

The original trial was in the municipal court of the city of Winston-Salem and resulted in a conviction. From a judgment of thirty days on the roads, the defendant appealed to the Superior Court of Forsyth County, where the case was tried *de novo.*

In the Superior Court the defendant entered a plea in abatement, for that the scene of the alleged assault was on property over which the United States Government has exclusive jurisdiction, to wit, the Federal courtroom in the Post Office Building in the city of Winston-Salem. It was admitted for the purposes of the plea that the Federal Government acquired the property in question on 28 July, 1899; acquisition confirmed in 1900. Motion to abate denied; exception.

The evidence for the State tends to show that on 20 June, 1944, a panel hearing of the National War Labor Board, involving labor rela-

tions at the R. J. Reynolds Tobacco Company, was being held in the Federal courtroom at Winston-Salem, N. C. During the noon recess, the prosecuting witness, whose affidavit had been used in the hearing, was talking with two fellow employees, when, according to her testimony, the defendant came up and slapped her or struck her from behind and grabbed her skirt and pulled it. He was gritting his teeth and seemed very angry.

This evidence is corroborated by the two fellow employees.

The defendant denied that he made any assault on the prosecuting witness or that his attitude was in any way threatening. His testimony is corroborated by a number of witnesses.

Several exceptions were taken to the admission of evidence and to questions likely to incite race feeling or tension.

Exception was also to the denial of the motion to nonsuit.

The jury returned a verdict of guilty, and from judgment of 60 days on the roads, the defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes and Moody for the State.*

*I. Duke Avnet, W. H. Boyer, Fred S. Hutchins, and H. Bryce Parker for defendant.*

STACY, C. J. The case turns on the question of jurisdiction.

It is admitted that the alleged assault took place "in the Federal Courtroom, which is located in the Post Office Building in the city of Winston-Salem," and that "said property was acquired by the Federal Government in 1899 and confirmed by Judge Boyd in 1900."

It is further conceded that this property was "purchased by the consent of the legislature of the State," as expressed in ch. 136, Public Laws 1887, and that its acquisition by the United States was under and by virtue of Art. I, sec. 8, clause 17, of the Federal Constitution.

This clause 17 provides that Congress shall have power "to exercise exclusive legislation . . . over all places purchased by the consent of the legislature of the State in which the same shall be, for the erection of forts, magazines, arsenals, dockyards and other needful buildings." In *Battle v. United States,* 209 U. S., 36, 52 L. Ed., 670, it was said that "post offices are among the 'other needful buildings.'" So, also, are court buildings and customhouses. *Sharon v. Hill,* 24 Fed., 726. Indeed, "other needful buildings" would seem to embrace whatever structures are necessary in the performance of the particular functions of the Federal Government for which the property was acquired. *James v. Dravo Contracting Co.,* 302 U. S., 142, 82 L. Ed., 155.

It is established by the pertinent statutes and decisions on the subject that—

1. The purchase of lands by the United States, within the limits of a State, does not of itself oust the jurisdiction of the State over the lands so purchased; but where the purchase is with the full consent of the legislature of the State, the jurisdiction of the United States then becomes exclusive. *Ft. Leavenworth R. Co. v. Lowe,* 114 U. S., 525, 29 L. Ed., 264; *Supply Trading Co. v. Cook,* 281 U. S., 647, 74 L. Ed., 1091; *Bowen v. Johnston,* 306 U. S., 19, 83 L. Ed., 455.

2. The consent of the legislature of a State to the acquisition of lands within its borders by the United States, having once been given, may not thereafter be revoked or withdrawn, unless Federal jurisdiction has not been accepted. *United States v. Unzeuta,* 281 U. S., 138, 74 L. Ed., 761; *Adams v. United States,* 319 U. S., 312, 87 L. Ed., 1421.

3. The legislature of the State may qualify its consent to the acquisition of lands within its borders by the United States so as to retain some jurisdiction or partial jurisdiction over such lands. *Silas Mason Co. v. Tax Commission,* 302 U. S., 186, 82 L. Ed., 187; *James v. Dravo Contracting Co., supra.*

4. The most usual qualification to be found in the consent statutes is that of the reservation of authority to execute any civil or criminal process in and on the lands acquired by the United States. See *Ft. Leavenworth R. Co. v. Lowe, supra.*

5. In many of the States concurrent jurisdiction is also retained for the enforcement or administration of the criminal laws of the State. *Collins v. Yosemite Park & Co.,* 204 U. S., 518, 82 L. Ed., 1502.

The Legislature of North Carolina, in 1887, gave its unqualified consent to the acquisition of lands within the State by the United States for the purpose of erecting thereon any post office, courthouse, etc., and this statute was in force at the time of the purchase of the post office site in Winston-Salem in 1899.

Section 5426 of the Revisal of 1905 undertakes to qualify the State's consent to the acquisition of Federal lands, and reserves to the State concurrent jurisdiction with the United States over such lands for the service of process issued by the courts of the State, and "the State of North Carolina also retains authority to punish all violations of its criminal laws committed on any such tract of land." Now G. S., 104-1. Two years later, however, in 1907, another statute was enacted which ceded "exclusive jurisdiction in and over any land so acquired by the United States . . . for all purposes, except the service upon such sites of all civil and criminal process of the courts of this State." Ch. 25, Public Laws 1907. Now G. S., 104-7.

Neither the cited section of the Revisal of 1905 nor the cited statute of 1907 makes any reference to lands theretofore acquired by the United States for the purposes named; and according to the general rule of construction, in the absence of such reference, the statute is to be regarded as prospective only. *Ashley v. Brown,* 198 N. C., 369, 151 S. E., 725; *S. v. Pridgen,* 151 N. C., 651, 65 S. E., 617. Hence, the applicable law would be that which was in force at the time of the acquisition of the property in 1899. At that time the Legislature had given its unqualified consent to the acquisition of lands within the State by the United States for the purpose of erecting thereon any post office, courthouse, etc., and the Federal jurisdiction therefore became exclusive. *United States v. Unzeuta, supra.*

The same conclusion would apparently follow, even if the subsequent legislation be given a retroactive effect, since the law as found in the Revisal of 1905 seems to be in conflict with the later statute enacted in 1907.

This may lead to an undesirable result. Nevertheless, we can only declare the law as we find it.

The motion to abate is well founded.

Reversed.