EDWIN GILL, COMMISSIONER OF REVENUE, v. L. L. McLEAN.

(Filed 5 March, 1947.)

**1. Appeal and Error § 1—**

If the Superior Court is without jurisdiction of a proceeding the Supreme Court obtains no jurisdiction by an appeal.

**2. Courts § 2—**

Jurisdiction is essential to a valid proceeding.

**3. Appeal and Error § 3—**

Where a proceeding to garnishee funds in a bank account belonging to a delinquent taxpayer, G. S., 105-242, is dismissed for want of jurisdiction, neither the garnishee nor the alleged delinquent taxpayer is the "party aggrieved," G. S., 1-271, and neither may prosecute an appeal.

**4. Appeal and Error § 6a—**

     A party who moves for dismissal is in no position to complain of judgment of dismissal even though entered on a ground other than the one advanced by him.

APPEAL by respondents from *Bobbitt, J.,* at October Term, 1946, of MADISON.

Proceeding under Section 913 of the Revenue Act, G. S., 105-242, to garnishee bank account belonging to delinquent taxpayer.

It is alleged that on 26 March, 1946, the Commissioner of Revenue served notice of garnishment, and attached funds in the Bank of French Broad belonging to L. L. McLean, for delinquent Schedule "B" taxes amounting to $18,127.50 for period from 6-1-42 to 4-12-45—Sec. 115 : Horse and Mule Audit.

Thereafter, on 5 April, 1946, the Bank of French Broad filed with the Commissioner of Revenue "Report and Answer," alleging that both the tax against the taxpayer and the garnishment against the Bank of French Broad were unconstitutional. Within ten days from receipt of this report and answer, the Commissioner of Revenue sent to the garnishee statement of his objections, and at the same time transmitted to the Superior Court of Madison County copy of all the proceedings.

The matter was heard at the October Term, 1946, Madison Superior Court, upon motion by taxpayer and garnishee to dismiss the proceeding for that no notice had been served on the taxpayer.

Thereupon, "the proceeding, in so far as said papers on file herein constitute a proceeding" was dismissed for want of jurisdiction.

From this ruling, both the taxpayer and the garnishee bank gave notice of appeal.

*Attorney-General McMullan and Assistant Attorney-General Spruill for plaintiff, appellee.*

*Harold K. Bennett for L. L. McLean, appellant.*

*Don C. Young for the Bank, appellant.*

STACY, C. J. If the Superior Court had no jurisdiction in the premises, we are likewise without authority to entertain the appeal. *Gordon v. Sanderson,* 83 N. C., 1; *S. v. Miller,* 225 N. C., 213, 34 S. E. (2d), 143. Jurisdiction is essential to a valid proceeding. *Cannon v. Cannon,* 226 N. C., 634; *Shepard v. Leonard,* 223 N. C., 110, 25 S. E. (2d), 445; *S. v. DeBerry,* 224 N. C., 834, 32 S. E. (2d), 617; *Stancill v. Gay,* 92 N. C., 462. But however this may be, neither the garnishee nor the alleged delinquent taxpayer is the "party aggrieved," G. S., 1-271, by the dismissal of the proceeding, within the meaning of the appeal statute. McIntosh on Procedure, 767. No rights have been adjudicated, and

neither appellant has been hurt by the judgment. Both have "jumped before they were spurred" by any action of the court. *Starnes v. Tyson,* 226 N. C., 395, 38 S. E. (2d), 211; *Yadkin County v. High Point,* 219 N. C., 94, 13 S. E. (2d), 71. The *status quo ante* remains undisturbed.

Moreover, the judgment of dismissal was invited by the appellants. They are in no position to complain. *Dillon v. Wentz, ante,* 117; *Carruthers v. R. R.,* 218 N. C., 377, 11 S. E. (2d), 157; *Kelly v. Traction Co.,* 132 N. C., 368, 43 S. E., 923; *Buie v. Buie,* 24 N. C., 87.

Appeal dismissed.