STATE v. EDWIN PETERSON (ALIAS BOYMAN PETERSON).

(Filed 7 April, 1948.)

**1. Intoxicating Liquor § 9d—**

Evidence that defendant was apprehended at a still which was then in operation and which had manufactured about a gallon of whiskey, and that upon seeing the officer, he fled, is sufficient to be submitted to the jury on each of the charges of possession of nontax-paid whiskey and possession of property designed for the manufacture of intoxicating liquor and aiding and abetting in its manufacture.

**2. Criminal Law § 34d—**

The fact that defendant, upon being apprehended at a still in operation, fled immediately upon seeing an officer, is competent to be considered by the jury in connection with the other circumstances.

**3. Criminal Law § 62f: Courts § 4b—**

No appeal lies to the Superior Court from judgment of the general county court executing a suspended sentence on condition broken, review being solely by *certiorari*.

**4. Criminal Law § 67: Appeal and Error § 31j—**

Where the Superior Court has no jurisdiction, the Supreme Court can acquire none by appeal, and when lack of jurisdiction is apparent, the appeal will be dismissed on plea, suggestion, motion, or *ex mero motu*.

APPEAL by defendant from *Burney, J.,* at December Term, 1947, of DUPLIN.

Criminal prosecution on warrant No. 6208, executed 3 March, 1944, amended to charge that on 21 January, 1944, defendant (1) "did have in his possession intoxicating liquors upon which the taxes imposed by the laws of the Congress of the United States and the State of North Carolina had not been paid," and (2) "did possess property designed for the manufacture of liquor and did aid and abet in the manufacture of intoxicating liquor," contrary to the form of the statute, etc., tried 6 March, 1944, in General County Court of Duplin County. The General County Court found defendant guilty, and pronounced judgment that he be confined in the common jail, etc. He appealed therefrom to Superior Court—the case being given there number 2789.

When the case came on for hearing in Superior Court defendant pleaded not guilty and was tried anew.

The State offered as witnesses two officers whose testimony tends to show these facts: That on 21 January, 1944, they "went in" on a "submarine like still" which was "fired up" and in operation southwest of Warsaw; that defendant, who was the only person there, raised up, and, when he saw one of the officers, "went to running" out right by the other officer; that there were four barrels of beer-mash at the still; that liquor was running out of the still at the time; that there was some whiskey that had just run out, about a gallon in a jug,—some manufactured whiskey in a container or jug; and that though the officers tried to catch defendant, they did not apprehend him that day.

Verdict: Guilty on both counts, first, guilty of possession of nontax-paid whiskey, and second, guilty of possession of materials for the purpose of manufacturing nontax-paid whiskey.

Judgment—On the first count: That defendant be confined in the common jail of Duplin County for a term of 18 months and assigned to work the public roads of the State under the supervision of the State Highway & Public Works Commission as provided by law.

On the second count: Prison sentence identical with that on the first count—"to run concurrently therewith."

Defendant appeals therefrom to Supreme Court and assigns error.

And the record on this appeal also shows that at a term of General County Court of Duplin County held "on the 4th day of May, 1943," defendant was tried upon a warrant No. 5892 amended to charge that on 11 November, 1942, defendant "did have in his possession intoxicating liquors upon which the taxes imposed by the laws of the Congress of the United States and the State of North Carolina had not been paid and did transport same . . . contrary to the form of the statute," etc., that his plea of guilty was accepted; and that thereupon the court pro-

nounced judgment that defendant be confined in the common jail of Duplin County for a term of eight months, and assigned to work the public roads, etc., the road sentence being "suspended for two years on good behavior, and that he especially obey the intoxicants laws of the State, and pay a fine of $15.00 and cost."

The record further shows at the session of General County Court of Duplin County held 6 March, 1944, upon prayer of the solicitor in No. 5892, the court, finding that "defendant having been this day convicted of possession of materials and apparatus for the purpose of manufacturing whiskey and aiding and abetting in the manufacture of whiskey in case No. 6208," and "that the conditions of suspension of judgment in this case have been violated," "ordered that the defendant be committed to serve the term of eight (8) months heretofore imposed in this case on May 3, 1943." Defendant gave "notice of appeal to the Superior Court," and it appears that in Superior Court the case was given No. 2788.

The record further shows that the Superior Court took cognizance of the case bearing County Court No. 5892, and given Superior Court No. 2788, and, after finding that defendant has willfully violated the terms of the sentence therein, ordered that the judgment of the General County Court is in all respects affirmed, and the Clerk directed to issue a commitment and the defendant be required to serve the eight months sentence, which shall begin at the expiration of the eighteen months sentence this date imposed on the defendant in case No. 2789.

Defendant excepted and gave formal notice of appeal to Supreme Court.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes and Moody for the State.*

*J. Faison Thomson, E. Walker Stevens, and Scott B. Berkeley for defendant, appellant.*

WINBORNE, J. One assignment only is debated on this appeal. It challenges the correctness of the ruling of the trial court in denying defendant's motion for judgment as of nonsuit, and in submitting the case to the jury.

In this connection, the evidence set out in the case on appeal tends to show that, as seen by two officers, a still,—"submarine-like," for the manufacture of whiskey was "fired up" and in operation. Barrels of beer or mash were at the still. Whiskey was running out of the still at the time. About a gallon in a jug had just run out. And defendant alone was present,—stooping over, and, upon seeing the officer, he fled.

When this evidence is taken in the light most favorable to the State, as is done in considering a motion for judgment as of nonsuit, it is suffi-

cient to take the case to the jury, and to support a verdict of guilty on both counts with which defendant stands charged.

This holding finds support in numerous decisions of this Court. *S. v. Ogleston,* 177 N. C., 541, 98 S. E., 537; *S. v. Perry,* 179 N. C., 718, 102 S. E., 277; *S. v. Blackwell,* 180 N. C., 733, 105 S. E., 178; *S. v. Smith,* 183 N. C., 725, 110 S. E., 654.

The *Ogleston case* is similar in factual situation to that in the present case. In that case the still was in actual operation and defendants were the only persons present. The Court held that the inference that defendants were in charge of the still and operating it was at least permissible.

Moreover, the fact of flight by defendant, when discovered at the still, is competent evidence to be considered by the jury in connection with other circumstances in passing upon the question of guilt. *S. v. Payne,* 213 N. C., 719, 197 S. E., 573; and cases cited. See also *S. v. Adams,* 191 N. C., 526, 132 S. E., 281.

After careful consideration of all questions presented, we find in the judgment below

No error.

Regarding the appeal from the judgment of the Superior Court in No. 2788 affirming judgment of the General County Court No. 5892, which put into effect the eight months road sentence theretofore imposed by it and suspended on condition, and which the court finds the defendant has breached:

The Attorney-General moves to dismiss this appeal on the ground that no provision is made for an appeal from an inferior court to the Superior Court in such cases,—the remedy being by *certiorari* to be obtained from Superior Court upon proper showing aptly made. *S. v. King,* 222 N. C., 137, 22 S. E. (2d), 241; *S. v. Miller,* 225 N. C., 213, 34 S. E. (2d), 143.

In this connection, in the absence of a showing of record that the case came to the Superior Court by means of a writ of *certiorari,* or to show that the case docketed in Superior Court as upon appeal was treated as a return to a writ of *certiorari,* the Superior Court acquired no jurisdiction, and the case should have been dismissed. And, in this Court, where the lack of jurisdiction is apparent, the Court may, and will, on plea, suggestion, motion, or *ex mero motu,* stop the proceedings. See *S. v. King, supra; S. v. Miller, supra; Gill, Comr., v. McLean,* 227 N. C., 201, 41 S. E. (2d), 514.

The argument directed to the assignments of error in the principal case on this appeal is the only argument advanced by the defendant as reason for disturbing the action of the General County Court,—a kind

of saving clause, just in case error be found therein.  Motion to dismiss is allowed.