Civil action to recover deposit under garnishment for taxes, together with interest thereon for failure to pay same over to the Commissioner of Revenue.
On 26 March, 1946, the plaintiff served notice of garnishment, and attached deposit in the Bank of French Broad belonging to L. L. McLean, for delinquent Schedule "B" taxes amounting to $18,127.50 for period from 6-1-42 to 4-12-45 — Sec. 115: Horse and Mule Audit.
Within ten days thereafter, the Bank of French Broad filed with the Commissioner of Revenue a "Report, Answer and Defense," asserting no defense or setoff against the debt represented by the deposit, and undertook to defend on behalf of the depositor, as against the State's claim for taxes, by asserting the invalidity of the procedure adopted and unconstitutionality of the statute under which the horse and mule tax was levied.
This "Report, Answer and Defense," together with the plaintiff's objections thereto, was docketed in the Superior Court of Madison County and was later dismissed for want of jurisdiction, appeal dismissed at the Spring Term, 1947, reported in 227 N.C. 201, 41 S.E.2d 514.
Thereafter, on 21 April, 1948, the Commissioner of Revenue instituted this action to compel compliance with the terms of the statute. The defendant bank filed a "Report, Answer and Defense" in which it again *Page 119 
reiterated and adopted its original position in respect of the matter, and further set out that in March, 1946, L. L. McLean had on deposit in said bank the sum of $2,718.18; that a check for $2,700 had been drawn against this deposit and was now held by Arthur Cureton. These further facts were supported by "Report, Answer, Defense and Set-off" filed herein by L. L. McLean and "Written Claim" filed by Arthur Cureton respectively.
From judgment on the pleadings in favor of the plaintiff, the defendant appeals, assigning errors.
The garnishee bank, defendant herein, alleges no defense or setoff against the taxpayer. The amount of the deposit, subject to the taxpayer's demand, was less than the tax asserted. Hence, under the statute, the constitutionality of which was upheld in Nesbitt v. Gill,227 N.C. 174, 41 S.E.2d 646, affirmed 332 U.S. 749, 92 L.Ed. 13, it was the defendant's duty to remit the deposit to the Commissioner of Revenue before whom all interested parties are permitted to assert their rights with full assurance of protection, including those of the garnishee. G.S.105-242, subsection 2 (3).
It follows, therefore, that by meddling with strife belonging not to it (Prov. 26:17), the garnishee has rendered itself liable for the costs of the action.
The judgment will be upheld.
Affirmed.