STATE v. THURMAN BLANKS.

(Filed 25 May, 1949.)

**1. Criminal Law §§ 53f, 53k—**

Objection that in stating the contentions, the court unduly emphasized the testimony of certain of the State's witnesses *held* untenable, it appearing that the court stated the testimony of these and other witnesses fully and fairly.

**2. Criminal Law § 78e (2) —**

Exception to an immaterial misstatement of the evidence will not be considered when the matter was not called to the trial court's attention at the time.

**3. Homicide § 27h—**

Defendant pleaded not guilty and did not testify personally or make any admission. Defendant's counsel did not admit that the gun with which deceased was shot was in the hands of defendant, but did offer to plead guilty of murder in the second degree. The court charged that defendant contended he was not guilty of any of the degrees of homicide, *seriatim*, and that he contended that the jury should have a reasonable doubt of his guilt and acquit him of any offense. *Held:* The charge was not prejudicial to defendant.

**4. Homicide § 25—**

Evidence tending to show that defendant had animosity toward deceased, that he approached him armed with a gun and ordered him to "Stick em up" several times, and shot his unarmed victim when he had raised his hands as high as his head, *is held* sufficient to sustain conviction of murder in the first degree, and objection that there was no sufficient evidence of premeditation and deliberation is untenable.

**5. Criminal Law § 53d: Homicide § 27a—**

The court merely recited testimony that after the offense, defendant went to the city and surrendered to the officers. The failure of the court to charge upon the law of flight is not error, since in no place in the charge did the court instruct the jury that it should consider flight as evidence of guilt, much less that it might be considered as evidence of guilt of first degree murder.

**6. Criminal Law § 34d: Homicide § 19—**

Flight of a defendant may be considered with other circumstances as an implied admission of guilt, but it is not evidence of premeditation or deliberation in a homicide prosecution.

APPEAL by defendant from *Burney, J.,* January Term, 1949, of BLADEN. No error.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*

*Robert R. Bond, David Sinclair, and Robert J. Hester for defendant, appellant.*

DEVIN, J. The State's evidence tended to show that the homicide occurred on the afternoon of Sunday, 7 November, 1948, at the home of Owen Graham, in the presence of a number of witnesses who had gathered there. Graham and another were seated in an automobile in front of the house, and the deceased had walked up near by when the defendant

came from behind the house with a shotgun. He approached within 10 or 11 feet of the deceased and said to him, "Stick em up." This he repeated three times. The deceased raised his hands as high as his head, and the defendant then shot him, killing him instantly. After shooting the deceased the defendant said, "You took a gun off my brother one time six months ago. It's too late now, I done killed him," or "I have done done it." The deceased had no weapon or anything in his hand. It was in evidence that defendant had told a witness that deceased had accused him and Graham of making liquor. After shooting deceased, the defendant left and went to Wilmington, where he surrendered to the officers.

The defendant did not testify and offered no evidence. At the close of the State's evidence the defendant through his counsel moved for judgment of nonsuit as to murder in the first degree, offering to tender plea of guilty of murder in the second degree. The motion was denied.

The defendant assigns error in the court's charge to the jury in the several respects pointed out by his counsel in their brief and stressed in the oral argument.

The first two exceptions brought forward are based on the ground that the court in reciting the evidence stated the State's contentions as to the testimony of certain witnesses more in detail than was accorded defendant's contentions. However, from an examination of the charge, we think the trial judge stated the testimony of these and other witnesses fully and fairly, and we perceive no hurtful effect to the defendant on that score. Defendant also noted exception to the fact that in one instance the court in stating the State's contentions quoted the remark made by the defendant after the shooting as "You took my brother's gun six months ago and I have gotten you now," instead of stating the last clause in the language of the witness as "I done killed him." We do not find here any material misstatement of the evidence, nor was this called to the court's attention at the time. *S. v. Hooks,* 228 N.C. 689, 47 S.E. 2d 234; *S. v. Edwards,* 228 N.C. 153, 44 S.E. 2d 725.

The defendant also noted exception for that the court in stating defendant's contentions said the defendant contended he was not guilty of any offense, and that the jury ought not to believe him guilty of murder in first degree or in second degree, or manslaughter; that the jury should have a reasonable doubt as to his guilt and give him the benefit of such doubt and acquit him. The defendant suggests that as he had offered to plead guilty of murder in the second degree and his counsel had so stated, this had the effect of prejudicing him in the eyes of the jury. But the defendant had pleaded not guilty. He had not testified or personally made any admission. His counsel admitted the deceased died as result of gunshot wound but declined to admit the gun was in the hands of defendant. The burden was on the State throughout to satisfy the

jury beyond a reasonable doubt of his guilt. The credibility of the witnesses was for the jury. There was no error, of which the defendant can complain, in instructing the jury as to the different degrees of homicide, or in charging them that they should not return verdict of guilty of murder in the first degree if they entertained a reasonable doubt about it, or find the defendant guilty of any lesser offense unless so satisfied from the evidence beyond a reasonable doubt, and that unless they so found they should acquit him. *S. v. Maxwell,* 215 N.C. 32, 1 S.E. 2d 125; *S. v. Ellison,* 226 N.C. 628, 39 S.E. 2d 842. Nor was there error in giving the defendant the benefit of these principles of law in stating contentions based thereon.

It was argued that the State's evidence was insufficient to make out a case of first degree murder for that it showed the homicide was committed upon a sudden impulse, prompted by the circumstance of the moment, rather than as the result of premeditation and deliberation, and that the court should have so instructed the jury. But we think that was a matter for the jury, and that there was evidence to support the charge of murder in the first degree. *S. v. Walker,* 173 N.C. 780, 92 S.E. 327; *S. v. Benson,* 183 N.C. 795, 111 S.E. 869; *S. v. Buffkin,* 209 N.C. 117, 183 S.E. 543; *S. v. Wise,* 225 N.C. 746, 36 S.E. 2d 230.

The defendant excepted to the court's action in reciting the testimony of the witnesses that after the shooting the defendant left and went to Wilmington without explaining to the jury the law relating to flight. An examination of the judge's charge shows that in quoting this testimony he did not refer to it specifically as evidence of guilt, or include it in his statement of the State's contentions as constituting evidence of guilt. The court merely stated the testimony of witness that "he went to Wilmington and surrendered to the officers." Nor does it appear that this testimony was permitted to be considered by the jury as evidence of first degree murder. It is well settled that flight of a defendant is not evidence of premeditation or deliberation, but may be considered with other circumstances on the question of guilt, or as a circumstance from which an inference of conscious guilt might be drawn, unless explained. *S. v. Foster,* 130 N.C. 666, 41 S.E. 284; *S. v. Malonee,* 154 N.C. 200, 69 S.E. 786; *S. v. Payne,* 213 N.C. 719, 197 S.E. 573; *S. v. Peterson,* 228 N.C. 736, 46 S.E. 2d 852.

After a careful consideration of the exceptions brought forward in defendant's appeal as well as the entire record, including the charge of the trial judge, we reach the conclusion that there was no error in the trial of which the defendant can justly complain, and that the judgment below must be affirmed.

No error.