STATE OF NORTH CAROLINA v. WILLIE LEE KIRBY

No. 7020SC91

(Filed 25 February 1970)

1. Criminal Law §§ 46, 114— flight of defendant — instructions — expression of opinion

Trial court's instruction that the voluntary flight of a defendant immediately after he is accused of a crime is not a circumstance sufficient in itself to establish his guilt, *held* not to constitute an expression of opinion on the theory that the court implied to the jury that defendant had been formally charged with crime at the time of his flight from a deputy sheriff's car when in fact the deputy had merely told defendant that he wanted to talk to him concerning a robbery. G.S. 1-180.

2. Criminal Law § 46— flight of an accused — circumstance of guilt

Flight of a person after a crime has been committed is a circumstance to be considered with the other circumstances of the case in determining his guilt or innocence.

3. Criminal Law § 46— flight of accused — jury issue

Where at the time of his flight from a deputy sheriff's car the defendant had not yet been formally charged with crime, but defendant knew he was a prime suspect and had heard the sheriff tell the deputy over the car radio to "lock him up," it was proper for the jury to consider the flight of defendant in the light of all the other evidence in determining the probability of guilt or innocence.

4. Criminal Law § 166— the brief — abandonment of exceptions

Exceptions in the record not set out in defendant's brief nor supported by argument or citation of authority will be taken as abandoned by defendant. Rule of Practice in the Court of Appeals No. 28.

ON *Certiorari* to review judgment of Exum, J., 9 June 1969 Criminal Session of ANSON Superior Court.

Defendant was indicted for common-law robbery. He pleaded not guilty. The jury found defendant guilty and judgment was entered on the verdict sentencing defendant to prison as a committed youthful offender. Subsequently this Court granted defendant's petition for *certiorari* to perfect a late appeal.

*Attorney General Robert Morgan and Staff Attorney James L. Blackburn for the State.*

*R. E. Little, III, for defendant appellant.*

PARKER, J.

In this case the State offered evidence tending to show that on the night of 11 September 1968 the defendant, in company with

others, assaulted one Tyler Stewart and took from Stewart his pocketbooks and money and a .32 Colt automatic pistol; that on the same night the defendant was seen in possession of the pistol; and that a few days thereafter defendant had pawned the pistol. A deputy sheriff, testifying for the State, testified that on 14 or 15 September 1968 he had seen the defendant and told him he wanted to talk to him concerning the robbery of Tyler Stewart; that the defendant had then ridden in the patrol car with the deputy to the county jail; that while still in the patrol car the deputy had called the sheriff on the radio and asked his assistance in questioning the defendant; and that the sheriff said "to lock him up and in a few minutes he'd be over there," whereupon defendant had jumped out and run.

[1]    In charging the jury, the trial judge said:

> "Now, members of the jury, I instruct you that the voluntary flight of a defendant immediately after he is accused of a crime that has been committed is not a circumstance sufficient in itself to establish his guilt, but it is a circumstance which, if proved by the State beyond a reasonable doubt, you may consider in the light of all the other evidence in the case in determining the probability of the defendant's guilt or innocence. You and you alone must determine whether the evidence of flight shows a conscious guilt and the significance of such evidence in this case, if you find that there was flight and find that beyond a reasonable doubt."

Defendant's sole exception and assignment of error brought forward in his brief is directed to this portion of the trial court's charge to the jury. In this assignment of error there is no merit.

[2]    It is well settled that flight of a person after a crime has been committed is a circumstance to be considered with the other circumstances of the case in determining his guilt or innocence. 29 Am. Jur. 2d, Evidence, § 280, p. 329; Annotation, 25 A.L.R. 886. North Carolina decisions are in accord. *State v. Gaines,* 260 N.C. 228, 132 S.E. 2d 485; *State v. Downey,* 253 N.C. 348, 117 S.E. 2d 39; *State v. Blanks,* 230 N.C. 501, 53 S.E. 2d 452; *State v. Peterson,* 228 N.C. 736, 46 S.E. 2d 852; *State v. Payne,* 213 N.C. 719, 197 S.E. 573; *State v. Hairston,* 182 N.C. 851, 109 S.E. 45; *State v. Malonee,* 154 N.C. 200, 69 S.E. 786. "While the flight of an accused person may be admitted as a circumstance tending to show guilt, '(i)t does not create a presumption of guilt, nor is it sufficient standing alone, but it may be considered in connection with other facts in determining whether

the combined circumstances amount to an admission.' " *State v. Gaines, supra.*

**[1-3]** Defendant contends that the challenged instruction was nevertheless erroneous and prejudicial in this case in that it assumed that at the time defendant fled he had been accused of the crime, whereas the evidence was that at that time no formal charge had been placed against him and the officer had merely informed defendant that he wanted to talk to him concerning the robbery. Defendant argues that the court thereby implied to the jury that the defendant had in fact been formally charged with the crime and that he had fled for the purpose of avoiding prosecution. Defendant argues that this constituted an expression by the court of its opinion upon the evidence in violation of G.S. 1-180. We do not so understand the charge nor do we believe the jury could have been in any way misled thereby to defendant's prejudice. While at the time he fled the defendant had not yet been formally accused in the sense of being served with a warrant or having a bill of indictment returned against him, the evidence was sufficient to justify a jury finding that the defendant knew, at the time he fled, that he was "accused" of the crime in the sense of being a prime suspect and that he was likely to be arrested and charged with its commission. He had just heard the sheriff tell the deputy on the radio to "lock him up." Under these circumstances it was proper for the jury to consider the flight of the defendant in the light of all the other evidence in determining the probability of defendant's guilt or innocence, and the court properly so charged.

**[4]** The remaining exceptions in the record are not set out in defendant's brief nor is any reason or argument stated or authority cited to support them. They will therefore be taken as abandoned by him. Rule 28, Rules of Practice in the Court of Appeals.

No error.

CAMPBELL and HEDRICK, JJ., concur.