STATE OF NORTH CAROLINA v. JOHN JUNIOR SNUGGS

No. 7320SC330

(Filed 23 May 1973)

1. **Burglary and Unlawful Breakings § 5; Larceny § 7— sufficiency of evidence**

    In a prosecution charging defendant with felonious breaking and entering and larceny of lawnmowers and larceny of a truck, evidence was sufficient to be submitted to the jury where it tended to show that defendant was apprehended while a passenger in the truck shortly after it and the lawnmowers were stolen and that defendant and the driver of the truck fled on foot from police officers shortly after they had been detained for questioning.

2. **Burglary and Unlawful Breakings § 6— reference to defendant in jury charge — no prejudicial error**

    Trial court's instruction to the jury that "if you found that locks were broken off the door and the door knocked down or opened without permission, that that would be a breaking or an entry by the defendant," though erroneous in its reference to defendant, was not so prejudicial as to require a new trial and the remainder of the charge was correct.

3. **Larceny §§ 5, 8— possession of recently stolen property — incorporation of instruction by reference**

    One who breaks or enters a building with the intent to commit larceny therein is guilty of the offense of felonious breaking or entering, and evidence that one has possession of property soon after it is stolen raises a presumption of that person's guilt of the larceny of such property; thus, it was proper for the trial court to adopt by reference its previous instruction on the doctrine of possession of recently stolen property in charging the jury on the elements of the offense of felonious breaking and entering.

4. **Criminal Law § 163— earlier instruction incorporated by reference — failure to except to earlier instruction**

    Where defendant challenged the trial court's instruction incorporating by reference the definition of the doctrine of possession of recently stolen property theretofore employed by the court in its charge on the offense of larceny, but defendant did not except to that earlier instruction, his allegation that it was inadequate was untimely and without merit.

APPEAL by defendant from *Winner, Judge,* 4 December 1972 Session of Superior Court held in MOORE County.

Defendant, John Junior Snuggs, was charged in separate bills of indictment, proper in form, with felonious larceny of one 1966 Chevrolet truck from the High Falls Oil Company, Incorporated, and with felonious breaking or entering and larceny

of lawnmowers from a store building belonging to one Bronzie Lawson, Sr., trading as Midway Saw Service. Defendant pleaded not guilty but was found guilty as charged.

From judgments imposing consecutive active prison sentences of ten years for the offense of breaking or entering, from one to ten years for the offense of felonious larceny of the lawnmowers, and two years for the offense of felonious larceny of the 1966 Chevrolet truck, defendant appealed.

*Attorney General Robert Morgan and Assistant Attorney General Sidney S. Eagles, Jr., for the State.*

*Boyette and Boyette by Mosley G. Boyette, Jr., for defendant appellant.*

HEDRICK, Judge.

Defendant assigns as error the denial of his motions for judgment as of nonsuit.

When the evidence is considered in the light most favorable to the State, it tends to show the following:

During the night of 12 March 1972, a 1966 Chevrolet "furniture truck," property of High Falls Oil Company, was stolen from the Mid-State Furniture Company. Ten lawnmowers, of the value of $2,500.00, property of one Bronzie Lawson, Sr., trading as Midway Saw Service, were stolen from his shop between 5:30 or 6:00 p.m., Saturday, 11 March 1972 and Monday morning, 13 March 1972. Lawson testified: "On Monday the door of my building was tore off, tore up, completely down. I gave no one permission to go there and enter the building."

Deputy Sheriff Carson Lee Hicks of Davidson County was on patrol with two other officers between the hours of 2:00 and 3:00 a.m., 13 March 1972. While in pursuit of a Ford automobile, the patrol car passed a 1966 Chevrolet "moving van truck" which then stopped at the roadside. The officers radioed ahead for another patrol car to stop the Ford automobile, then returned to where the truck had stopped. Defendant was seated on the passenger side of the truck. The officers asked the driver why he had stopped, and he replied that the truck was out of gas. Upon being asked what he was carrying in the truck, the driver replied that he was carrying furniture. Deputy Sheriff Hicks testified:

"[W]e got to the back of the truck and we were standing looking at it and we asked could we look into the back of the truck, and the driver . . . agreed to let us look, and in the meantime he [defendant] was still on the passenger side at the bed of the truck, and every time the driver would answer any of our questions, we'd ask him something, he'd [defendant would] nod or shake his head, and every time the driver would proceed to answer a question, he'd also try to tell him not to talk. He never did say it out loud, but he'd nod his head. He shook his head when certain questions were asked."

Upon opening the rear of the truck, the officers discovered eleven lawnmowers and no furniture. Deputy Sheriff Hicks testified:

"We asked the driver where did he get it, because he told us he was hauling furniture, and that's when . . . [defendant] told him to not tell us anything, so he proceeded on and said it belonged to the boy in front of us in the car which we had stopped at the time, the other deputies did, and he said he thought it was furniture, that he didn't know it was lawnmowers, and we talked to them about that and asked him did he know anything about what they were hauling, and he said, he didn't never say nothing, he shook his head, no sir, and I asked him to go back to the car with us, we was going to have to hold them and question them further about it till we seen what was in the other car, and that's when I mentioned the radio to the sergeant, and both of them broke and ran. They both broke on us and ran while we was standing talking to them on the radio."

"They was both side by side when they ran. He [defendant] nodded his head and must have entered this signal. They sure moved out."

The Chevrolet truck in which defendant was riding was identified as the vehicle belonging to High Falls Oil Company, Incorporated, and the lawnmowers found in the truck were identified as the property of Bronzie Lawson, Sr.

Defendant offered no evidence.

[1]   While flight of an accused person does not create a presumption of guilt, it is admissible as a circumstance to be con-

sidered with other circumstances in determining his guilt or innocence. *State v. Gaines,* 260 N.C. 228, 132 S.E. 2d 485 (1963) ; *State v. Kirby,* 7 N.C. App. 366, 172 S.E. 2d 93 (1970). Defendant's flight, coupled with the evidence of his possession of recently stolen goods was sufficient to require submission of this case to the jury. *State v. Frazier* and *State v. Givens,* 268 N.C. 249, 150 S.E. 2d 431 (1966).

[2]   Defendant contends the court expressed an opinion, in violation of the mandate of G.S. 1-180, when in instructing the jury on the four elements of the offense of felonious breaking or entering, the court stated:

> "The court would instruct you that if you found that locks were broken off the door and the door knocked down or opened without permission, that that would be a breaking or an entry by the defendant."

The court's inadvertent interjection of the phrase "by the defendant" in the challenged instruction was obviously erroneous. Nevertheless, defendant concedes that "[t]he court in other portions of his charge, instructed the jury correctly on this phase of the case. . . ."

We have scrutinized the court's charge in light of this assignment of error and find and hold that when considered contextually the charge is free from prejudicial error.

Defendant contends the trial court erred when, in charging the jury on the essential elements of the offense of felonious breaking or entering, the court adopted by reference its earlier instruction that possession of recently stolen property is a circumstance to be considered in determining whether one is guilty of the offense of larceny.

[3]   One who breaks or enters a building with the intent to commit larceny therein is guilty of the offense of felonious breaking or entering, G.S. 14-54(a), and evidence that one has possession of property soon after it is stolen raises a presumption of that person's guilt of the larceny of such property. *State v. Ledbetter,* 5 N.C. App. 497, 168 S.E. 2d 427 (1969). Thus, it was proper for the court to adopt by reference its previous instruction on the doctrine of possession of recently stolen property in charging the jury on the elements of the offense of felonious breaking and entering.

[4] Based on his next assignment of error, defendant contends the court inadequately defined the doctrine of possession of recently stolen property and failed to apply it to the evidence in this case.

The challenged instruction incorporates by reference the definition of the doctrine theretofore employed by the court in its charge on the offense of larceny. Defendant failed to except to this earlier instruction and his allegation that it is inadequate is untimely and without merit. Further, when considered contextually, it is clear that the trial court properly applied the doctrine of possession of recently stolen property to the evidence in the case.

Defendant has additional, formal assignments of error which we have carefully considered and find to be without merit.

Defendant had a fair trial free from prejudicial error.

No error.

Judges CAMPBELL and VAUGHN concur.