STATE v. SAM CARROLL. ·

(Filed 6 November, 1918.)

**1. Appeal and Error—Jurors—Challenge—Prejudicial Error.**

Where exception is taken to the permission of the court allowing a party to the action to challenge a juror after he had passed him, the objecting party must show that he had exhausted his challenges or had in some way been prejudiced, in order that reversible error may appear on his appeal.

**2. Appeal and Error—Evidence—Unanswered Questions.**

On appeal from the exclusion of an answer to a question, the character of the evidence excluded must appear, so the court may see and determine whether prejudicial error had therein been committed.

APPEAL by defendant from *Shaw, J.,* at May Term, 1918, of ROCK-INGHAM.

This is an indictment for manufacturing intoxicating liquors, and from the judgment pronounced upon a conviction the defendant appealed, assigning the following errors:

1. To the action of his Honor in permitting the State to stand aside the juror, J. M. Roberts.

2. To the action of his Honor in refusing to allow the witness, Ziglar, to continue his answer to the following question:

Q. You didn't know whether that still slop was Mr. Carroll's or the man that run the still? A. I don't know. Mr. Carroll said—

3. To refusing defendant's motion for nonsuit at the close of State's evidence.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*J. M. Sharp and C. O. McMichael for defendant.*

ALLEN, J. 1. The State was permitted to challenge the juror, Roberts, after the jury had been passed by the State, and before acceptance by the defendant, and there is nothing in the record to show that this was in any way prejudicial to the defendant. It does not appear that the peremptory challenges were exhausted, or that the jury finally empaneled was not entirely satisfactory to the defendant.

As said in *Ives v. R. R.,* 142 N. C., 131, "The defendant is not in a position to except to the ruling of the court sustaining the objection to the juror. It had not exhausted its peremptory challenges, and, so far as appears, the jury chosen to try the case constituted a panel entirely acceptable to both parties. The purposes of justice and the ends of the law are equally attained when a fair and impartial trial has been secured to the complaining party. The right of challenge confers not a right to select, but a right only to reject. This is so in theory and it should be so in practice. *S. v. Gooch,* 94 N. C., 987; *S. v. Hensley,* 94 N. C., 1021; *S. v. Jones,* 97 N. C., 469; *S. v. Freeman,* 100 N. C., 429; *S. v. Pritchett,* 106 N. C., 667; *S. v. Brogden,* 111 N. C., 656; *S. v. McDowell,* 123 N. C., 764. If an unobjectionable jury was secured, how does it concern the defendant that a juror was improperly rejected, if such was the case, which we need not decide? The question in the form here presented was decided against the defendant's contention in *S. v. Arthur,* 13 N. C., 217."

2. The second assignment of error cannot be sustained, because there is nothing to indicate the nature of the evidence excluded.

If, however, the declaration of the defendant was unfavorable to him, he is not hurt by its exclusion; and if in his favor, it would be condemned as self-serving.

3. We have carefully examined the evidence, and are of opinion the circumstances are sufficient to sustain a conviction.

No error.