STATE v. JONAH OGLESTON AND OTIS PERRY.

(Filed 19 March, 1919.)

1. **Spirituous Liquor— Criminal Law— Manufacture— Evidence— Questions for Jury—Nonsuit—Trials.**

Evidence that the defendants, indicted for the unlawful sale of spirituous liquor, were the only ones found at a still, in active operation, within a mile of their home, one standing with his back to the fire of the still

and the other reclining on the ground near-by, permits the inference that they were operating it, and is sufficient to take the case to the jury, and a motion as of nonsuit was properly denied.

2. **Spirituous Liquor— Criminal Law— Manufacture— Aider and Abettor— Instructions.**

Where the evidence is sufficient for the unlawful manufacture of liquor, a charge to the jury that they may find the defendants guilty if they were aiding or abetting such manufacture, under the statute (ch. 158, p. 310, Laws 1917), was not erroneous.

APPEAL by defendants from *Allen, J.,* at the December Term, 1918, of LENOIR.

The defendants—Perry, a white man, and Ogleston, a negro—were convicted under an indictment charging the unlawful manufacture of spirituous liquors and appealed from the judgment rendered upon the verdict.

The exceptions taken by the defendants are: (1) To the refusal to enter judgment of nonsuit upon the ground that the evidence was not sufficient to sustain a verdict of guilty; (2) to the following charge given to the jury:

"Under this act (reading chapter 158, page 310, Laws of 1917), notwithstanding the charge is for the manufacture of spirituous liquors, you can convict either of the defendants for aiding and abetting the manufacturing of spirituous liquors."

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*W. S. O'B. Robinson and T. C. Wooten attorneys for defendants.*

PER CURIAM. The evidence is, in our opinion, fully sufficient to support the verdict. It tends to prove that the sheriff of Lenoir County, with two deputies, found a still in the woods a mile behind the houses where the defendants lived; that the still was in active operation with a fire under the furnace and the spirits running from the spout of the still into a bucket; that Ogleston, who admitted that he had before that time engaged in the manufacture of spirituous liquors, was standing in front of the fire with his back to the still, and that Perry was sitting down; that each of the defendants had a gun and that the two guns were wrapped up together and were near the defendants, and that no one else was at or about the still.

As the still was in active operation and as the defendants were the only persons present the inference was at least permissible that the defendants were in charge of the still and operating it.

The charge of his Honor is sustained by *S. v. Horner,* 174 N. C.,

792, in which the Court says: "It makes no difference whether defendant was a principal in the first degree or in the second degree as an aider and abettor. The latter is but a lower grade of the principal offense, viz, the distilling or manufacturing of the liquor. An aider and abettor is denominated in the books as a principal in the second degree."

No error.