STATE v. M. L. SYKES.

(Filed 29 September, 1920.)

**Spirituous Liquor—Intoxicating Liquor—Manufacture—Intent to Purchase—Instructions—Verdict Directing—Appeal and Error.**

Evidence that the defendant, clad in his overalls, was found at a whiskey still, in operation, with another, is sufficient to convict of the unlawful act of distilling; but when his evidence in explanation is that he only asked where he could get a drink, knew nothing of the still, and was carried to the place and had not gotten it when the officers arrived: *Held*, an instruction that upon his own testimony he would be guilty of aiding and abetting the unlawful act of distilling is reversible error.

APPEAL by defendant from *Bond, J.*, at May Term, 1920, of CHATHAM. The defendant was indicted and convicted of the operation of a whis-

key distillery. The State offered four witnesses, who testified that they went to a place in Oakland Township, and concealing themselves about 40 yards away, they saw the distillery in operation, with only two men there, the defendant, a white man, and the other, a colored man; that they captured the complete outfit and destroyed several hundred gallons of beer, and also captured the white man, who was the defendant, M. K. Sykes; that he had on a Sunday shirt and overalls. The defendant moved for a nonsuit, which was overruled, and he excepted.

The defendant testified that he lived in Durham, and that on that morning, in company with Roy Sykes, he left Durham to go to Pittsboro to visit a relative; that in Chatham County they took a wrong road and drove about 1½ miles out of their way; that while on this road they saw a colored man, whom they did not know, and asked the way to Pittsboro; they also asked him if he knew where they could get a drink of whiskey. He told them he thought he could, and to wait a few minutes. In a short while another colored man came up to the car and told them to follow him and he would show them where they could get the drink of whiskey; that he (M. K. Sykes) followed the colored man 1½ miles to the distillery; that he was there about 30 or 40 minutes, during that time the officers made the raid and he was captured; that he had nothing whatever to do with the distillery; and no interest in it, and knew nothing about its being there until he was shown the place by the colored man, whom he did not know; that he never bought any whiskey from any one there, and denied knowing anything about the distillery until it was shown him by the colored man.

The judge charged the jury that if "they believed the evidence of the defendant himself, that they should return a verdict of 'guilty' against him; that a person who goes to a distillery for the purpose of buying whiskey is guilty of aiding and abetting in the unlawful manufacture of the same." Verdict of guilty, and judgment; appeal by the defendant.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*W. P. Horton for defendant.*

CLARK, C. J. The court properly refused the motion for nonsuit. The defendant being found at the distillery while in operation, in overalls, and under the circumstances detailed in the evidence, was sufficient to take the case to the jury. In *S. v. Killian,* 178 N. C., 753, the defendant, seeing an officer searching for a still, took his gun and fired several times in the air. The officer proceeding to the still found no one there, and the still part removed, but there was fire in the furnace and other indications of recent use. The court held that this was sufficient

evidence to go to the jury that the defendant was guilty of aiding and abetting. In the present case the jury might have found upon the evidence of the State, unrebutted, that the presence of the defendant there while the still was in operation, especially in overalls, justified the inference that he was guilty.

If the case had been submitted to the jury upon the whole evidence, it was for the jury to say how far they believed the evidence of the defendant. But we cannot sustain the instruction that "if the jury believed the evidence of the defendant himself they should return a verdict of guilty against him, for that a person who goes to a distillery for the purpose of buying whiskey is guilty of aiding and abetting in the unlawful manufacture of the same."

This case does not present the question whether the purchaser of a drink is guilty of aiding and abetting in the unlawful sale, for in this case the evidence is that the defendant did not buy a drink of whiskey. The unexecuted wish to buy is not aiding and abetting in a sale which did not take place. Much less is it aiding and abetting in the manufacture of the unsold whiskey. In this case, in the language of the great dramatist, it may be said of the defendant:

"His act did not o'ertake his bad intent."—*Measure for Measure*, Act V, Sc. I.

The attempt to do an illegal act is of course indictable, and under our statute under an indictment for an illegal act, the defendant can be convicted of an attempt to commit, or of a lesser degree of, such an offense. Rev., 3269. "Taking the defendant's evidence to be true," there was no attempt to do any illegal act, but merely an intent to buy a drink of whiskey. An intent uncoupled with any act is merely an operation of the mind, and cannot be indictable. *S. v. Penny,* 4 N. C., 130; *S. v. Jordan,* 75 N. C., 27, however criminal the act intended might be, even treason without any overt act or attempt, unless,

"The unproportioned thought is given his act."—*Hamlet*, Act I, Sc. 3.

An intent is usually an essential element in any crime. In some cases it must be proved. In others it is conclusively presumed from the act done. *S. v. King,* 86 N. C., 603. But intent alone, not coupled with any attempt or act toward putting the attempt into effect is, in no case, cognizable by the courts, however it may be in another tribunal. Matthew 5:28.

Error.