Three officers, in consequence of information received, reached the place where a still was in operation about midnight. There were three men at the still; one appeared to be a negro and the others two white men. The officers could not recognize them at the time. The officers destroyed a lot of whiskey and beer and captured the still.
The defendant moved for a nonsuit. The evidence against the defendant was in substance as follows: The defendant lived about a half mile from the still. When the three men at the still discovered the officers they ran in the direction of Officer Groce. He testified that he saw two white men and one negro; two of whom ran towards him; he threw his flashlight on them, which caused the one in the rear to dodge and run back across a ditch and into a pond of water; he saw a track in the ditch where the man had run which appeared to have been made by tennis shoes. After destroying the liquor and capturing the still, the officers met the defendant in the road near his house about 1 a.m. The defendant had on tennis shoes and overalls. The shoes and the bottom of the overalls were wet, and upon arresting him the officers found on his person a quinine bottle of whiskey, which they called a "testing vial." The motion to nonsuit was properly denied.
From all the circumstances the jury were entitled to draw the inference that the defendant was guilty of assisting or aiding in the manufacture of the whiskey which was captured. Certainly the court was not authorized by a motion to nonsuit to adjudge that there was no evidence. *Page 777 
The defendant excepted also that the court ruled out testimony as to how much cotton and corn the defendant had made that year. This testimony was irrelevant, especially as the defendant admitted that he was a farmer.
These exceptions were not properly assigned, for they were not set out in the assignment of error as required by the uniform practice and decisions of this Court, but each assignment of error merely refers to the pages where the excluded evidence and the parts of the charge excepted to can be found, leaving us to grope through the record to find them. This is contrary to the requirements of the rule which the Court has found necessary to prescribe and has often called attention to. Lee v. Baird,146 N.C. 361, and cases cited in the 2 Anno Ed. It is necessary that for the orderly and prompt dispatch of business the simple requirements of the Court shall be observed by parties who ask that the action of the court below shall be reviewed on appeal and counsel should abserve [observe] these requirements.
The defendant also assigned error in the same irregular way, without setting forth the paragraph referred to, that the court (728) erred in its charge. Not to be used as a matter of precedent, but we will, however, notice both the charge and the evidence thus insufficiently assigned as error: The court in reciting the testimony of the officers said that "upon approach of the officers they ran, and one of them ran within ten steps or ten feet, I have forgotten which, but you gentlemen will remember testimony of the officer who testified." This was not objectionable as singling out, or giving any particular weight to any testimony.
The defendant also excepted because in reciting the testimony the court stated that "when the defendant was arrested he had on white overalls and they were wet, and that he had on tennis shoes, and they were wet, and that the tennis shoes that he had on corresponded to the tracks made around the still." In this we cannot see how the court could have recited this testimony without stating it.
The defendant also excepted in the same irregular way, without referring to the charge except by citing us to the page, to the following charge: "I instruct you, gentlemen of the jury, as the defendant, his wife and his brother, and his brother's wife have testified in the case, it is your duty to receive their testimony with a degree of caution and to closely and carefully scrutinize it, and scan it because they are interested in your verdict." This was excepted to, but the judge in the same breath, without pausing, proceeded to say, "But if after such scrutiny you are satisfied they are telling the truth, it will then be your duty to give their testimony as much credibility as you would give a disinterested witness. Credibility means worthiness of belief. You, *Page 778 
gentlemen, are the judges of the weight and the credibility that you will give each and all of the witnesses; you may believe some of them and not believe others; you may believe a part of what they say and not believe other parts, and of all these things you are the judges." The judge further told the jury that they were judges of what was said by the witnesses and of their acts and their demeanor when they testified and how they conducted themselves on the stand, and to take into consideration and to compare all the evidence, including the evidence tending to show the good character of the defendant. He further fully instructed them as to the doctrine of reasonable doubt, and told the jury that if they were satisfied "from the evidence beyond a reasonable doubt that the defendant engaged in the manufacture of liquor, it would be your duty to convict him of that charge. If you find from the evidence beyond a reasonable doubt that he aided and abetted another or others in the manufacture of intoxicating liquor, it will be your duty to convict him of that charge. You may convict him of one charge and acquit him of the other. You may acquit him of both charges or convict him of both as from the evidence you find the facts to be."
The defendant also assigned as error in the same irregular way (729) without quoting the words, the statement by the judge of the contentions of the State arising upon the evidence.
The defendant also excepted for refusal to set aside the verdict because against the weight of the evidence, which is not reviewable.
The defendant also presented on the argument of the appeal an exception to the charge, though not made in the record or assigned as error, that the court did not charge the jury that by a local law the officers were entitled to a reward of $50 each for an arrest in a case of this kind. It does not appear that the court did not make such charge, and the defendant cannot be heard on assignment of error which he did not make even if it had appeared that the judge did not so charge. The local act was not called to the attention of the judge, nor was he requested to charge on it, and the credibility of the officers was not impeached by any cross-examination nor by any impeachment of their testimony nor, as in the case of the defendant's relatives, by reason of the fact of their being officers as the relatives were by their relationship.
The defendant further excepted because the jury found the defendant not guilty of manufacturing whiskey, but guilty of aiding and abetting. This being a fact, as we must take the verdict to be, there is no reason why the jury should not so find.
It is true that all who participate in illicit distilling are principals in the manufacture of liquor (S. v. Killian, 178 N.C. 753), and whether the defendant was guilty of manufacturing or aiding and abetting in *Page 779 
manufacture the jury could return a general verdict of guilty, but C.S. 3409, provides that any one who shall unlawfully "manufacture or aid, assist, or abet others" in so doing shall be guilty of a misdemeanor. The defendants certainly cannot complain if the two offenses are charged in separate counts or that the jury acquitted of actively engaging in alleged manufacturing, but convicted of aiding and abetting others in doing so.
Upon the whole case, giving the defendant every reasonable and possible exception, we find
No error.
Cited: S. v. Grier, 184 N.C. 725; S. v. O'Neal, 187 N.C. 24; S. v.Adams, 191 N.C. 528; S. v. Peterson, 228 N.C. 739.
(730)