## STATE v. JAS. FRANKLIN ADAMS, ALIAS R. L. JOHNSON.

### (Filed 31 March, 1926.)

**Intoxicating Liquor—Spirituous Liquor—Evidence—Presence and Conduct of Defendant—Instructions—Appeal and Error.**

> The mere presence of the defendant on trial for the violation of our prohibition law, with others, at a place where preparations were being made for the illicit distilling of intoxicating liquor, may not alone be sufficient to convict him, but it may be received with other competent evidence, his conduct while being arrested, etc., and under proper instructions, sustain a verdict against him.

APPEAL by defendant from *Calvert, J.*, and a jury, at December Term, 1925, of GATES. No error.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*
*Bridger & Eley for defendant.*

PER CURIAM. Defendant was indicted on three counts (1) Did distill, manufacture and make and aid, assist and abet in distilling, manufacturing and making intoxicating liquor; (2) Keep and possess materials, substances and property, designed for the manufacture of liquor, for use in unlawful manufacture, sale and handling intoxicating liquors; (3) Did have and keep on hand intoxicating liquor for the purpose of being sold and otherwise disposed of in violation of law. The jury returned a verdict of guilty.

The defendant introduced no evidence and at the close of the State's evidence, under C. S., 4643, moved to dismiss the action or for judgment of nonsuit. The court below overruled the motion, and this we consider the only material assignment of error.

The evidence succinctly: Sheriff W. J. Rountree testified, in part: "I looked back and saw two men. I saw the defendant at the still.

The one that told me his name was Johnson. I continued my circle near the edge of the swamp. Heard the boys, Hinton, Harrell and his sons, hello 'Halt.' I jumped and ran. When I started running beside the swamp I heard some one in the swamp and saw the same man that was at the still. I caught him. I ran into him face to face about 75 or 80 yards from the still where I had seen him. I could see another man at the still. I ran after the defendant and caught him in only a short distance. . . .

Q. Did you find any barrels of mash there? Answer: Yes, sir, we found twenty barrels of mash, twelve was in one bin and eight in the other. They were built up in bins with rubber roofing over them and they had a frame built around each bin and around the edge was a rubber roofing, and over them was rubber roofing and bags and in between them was lanterns.

Q. Is this modern rubber or asbestos roofing? Answer: Yes, sir.

Q. How much would one of these barrels hold? Answer: Fifty gallons.

Q. About a thousand gallons of mash then? Answer: Yes."

T. J. Harrell, testified, in part: "Heard some tinkering at the still. We were right behind some bushes, about sixty yards away. I looked the whole time, peeping over the ridge. Saw Adams. Jumped up and ran for him. Adams ran. I am sure Adams there is the man. Saw another man, saw him run in the swamp. I ran after him. Fell in a well. The well was about 20 yards from the still. This still was between two hundred and two hundred and fifty yards from Mr. Caddy's house. We found some mash at the still."

There were other facts and circumstances in the case.

The court below charged the jury, in part, as follows: "The mere circumstance that the defendant was present is not sufficient of itself to justify the jury in returning a verdict of guilty; it is a question for the jury, as to whether under all the facts and circumstances the State has satisfied or shown you beyond a reasonable doubt that he himself, or in connection with others took part in the manufacture of liquor; or with respect to the other charge whether he himself or in connection with another or others had possession of material and property designed and intended for use in the manufacture of liquor."

We think the court below charged the law correctly.

In *S. v. Dickerson,* 189 N. C., 332, speaking to the subject of flight in cases of this kind, we said the fact that parties fled was only a circumstance to be considered in connection with other evidence as to their guilt.

In *S. v. Tate,* 161 N. C., 286, it is held: "But such flight or concealment of the accused, while it raised no presumption of law as to guilt,

is competent evidence to be considered by the jury in connection with the other circumstances. 12 Cyc., 395; 21 Cyc., 941." *S. v. Dickerson, supra.*

The evidence was sufficient to be submitted to the jury. *S. v. Killian,* 178 N. C., 753; *S. v. McMillan,* 180 N. C., 741; *S. v. Smith,* 183 N. C., 725; *S. v. Sigmon,* 190 N. C., 684. The probative force of the evidence was for the jury to determine.

We can find no prejudicial or reversible error on the record.

No error.