STATE OF NORTH CAROLINA v. CECIL LOVEDAHL AND EDWARD NOLAN

No. 6810SC329

(Filed 9 October 1968)

1. Criminal Law § 98— segregation of witnesses

The segregation of witnesses during the course of a trial is a matter of discretion on the part of the trial judge, and the exercise of such discretion is not reviewable on appeal except in case of abuse.

2. Criminal Law § 98— segregation of witnesses

In the trial of two prison inmates for felonious assault, trial court did not abuse its discretion in denying defendants' motion that their witnesses, all of whom were fellow inmates, be present in the courtroom during the course of the trial.

3. Criminal Law § 113— instructions on defense of alibi

In prosecution for felonious assault, the evidence of defendants having raised the defense of alibi, the instructions of the trial court *are held* to have properly instructed the jury on the law of alibi and to have applied

the law to defendants' evidence with sufficient particularity for the jury to have obtained a clear understanding of its significance.

APPEAL by defendants from *Bickett, J.,* 22 April 1968 Regular Criminal Session of WAKE Superior Court.

Defendants were tried on a bill of indictment charging them with an assault with a deadly weapon with intent to kill one Terry Lufsey inflicting serious injuries not resulting in death. They pleaded not guilty. The felonious assault for which they were tried took place at Central Prison in Raleigh, where both defendants and the victim of the assault were inmates. At the trial Terry Lufsey testified for the State that at about 4:30 p.m. on 25 October 1966 he was in the corridor leading from his cellblock to the prison dining hall when the two defendants assaulted him with a knife, cutting him on his back, arm and shoulder. Both defendants took the witness stand, denied any connection with the stabbing, and testified that at the time referred to by Lufsey they were in the prison dining hall eating their evening meal; that upon hearing a commotion outside the dining hall, they and several other inmates emptied their trays and went into the corridor to learn the reason for the disturbance; that they then learned from other prisoners that Terry Lufsey had been stabbed. The defendants called as their witnesses certain of their fellow prisoners who testified in support of their alibi.

The jury found both defendants guilty as charged. From judgment imposing prison sentences, defendants appeal.

*Attorney General T. W. Bruton and Assistant Attorney General Millard R. Rich, Jr., for the State.*

*John R. Jordan, Jr., for defendant appellants.*

PARKER, J.

Defendants subpœnæd as witnesses seven of their fellow prisoners from the State's Central Prison. These witnesses were kept by the Sheriff's deputies in a room separate from the courtroom until each was called in turn to testify. At the commencement of the trial counsel for defendants moved that these witnesses be brought into the courtroom where they might hear the evidence. Defendants assign as error the court's refusal to grant this motion.

[1, 2]   In this State the segregation of witnesses during the course of a trial is a matter of discretion on the part of the trial judge, and the exercise of such discretion is not reviewable on appeal except in case of abuse. *State v. Clayton,* 272 N.C. 377, 158 S.E. 2d 557; *State*

*v. Spencer,* 239 N.C. 604, 80 S.E. 2d 670. This question is most fre-quently presented when one party makes a motion to have his ad-versary's witnesses excluded or to have the witnesses "put under the rule," as the procedure is sometimes termed. In the present case the defendants' witnesses, being in the custody of the State, were al-ready being held segregated from the courtroom, and the question of whether they should be present in the courtroom throughout the course of the trial was presented by defendants' motion that they be brought in. The fact that the question arose in a slightly different manner in this proceeding than is usually the case in no way changes the rule that the matter is one to be left within the sound discretion of the trial judge and is not reviewable except for abuse of discre-tion. There was here no abuse of the trial judge's discretion. The record shows that after denying defendants' motion the court allowed ample time and opportunity for the defendants and their counsel to confer with each other and to confer with their witnesses. The segre-gation of these witnesses in no way handicapped defendants in fully presenting their testimony before the jury. Furthermore, in exercis-ing his discretion the trial judge could properly consider the security problem which would have been created had he permitted such a large number of the State's prisoners to be present in the courtroom at one time.

[3]      Defendant's second assignment of error is that the court's charge to the jury was deficient, particularly as it related to the de-fense of alibi. In this connection, the court charged:

> "Now, the defendants by their plea of not guilty, and their testimony, say that they are not guilty but they are also relying in part on what is known as an alibi; that is, which means lit-erally, elsewhere; and when an accused or a defendant relies on an alibi he does not have the burden of proving it. It is incum-bant (sic) upon the State to satisfy the jury beyond a reason-able doubt on the whole evidence, that such defendant is guilty. If the evidence of alibi in connection with all the other testimony in the case, leaves the jury with a reasonable doubt of the guilt of the accused, the State fails to carry the burden of proof im-posed upon it by law, and the accused and each of them, of course, is entitled to an acquittal, that is a verdict of not guilty."

This charge was almost verbatim in the form approved by the North Carolina Supreme Court in the case of *State v. Spencer,* 256 N.C. 487, 124 S.E. 2d 175. Defendants concede this, but nevertheless con-tend that the charge was here deficient in that the court did not

apply the law of alibi to the defendants' evidence with sufficient particularity. This contention is without merit. In addition to the above-quoted portion of the charge, the court in its recapitulation of the defendants' evidence, pointed out that defendant Lovedahl had testified:

> ". . . that he was not, had not assaulted Mr. Lufsey, at any time, and that on this particular occasion when the yelling took place that he was in another place, that he was up in the mess hall."

With reference to the testimony of defendant Nolan, the court charged:

> "And Mr. Edward Nolan testified in his own behalf, that he was in there in prison, as the court recalls, for some felony, armed robbery as the court recalls; and that on this particular occasion he was in C block and that he and Cecil Lovedahl and several others went down to supper about 4:30 that afternoon; and that they seated themselves at the first table in the white side, and that they were sitting there when they heard a commotion or somebody screaming; and that after they heard the screams that he, Mr. Nolan, Mr. Lovedahl got up and started down the hall towards C and D block and that there were ten or twelve inmates in the hall at that time; and he named the people that were sitting at the table with him or close to him, . . ."

In addition to denying vigorously that they had in any way participated in the assault on Terry Lursey, defendants sought to create in the minds of the jurors a reasonable doubt as to their guilt, by testifying that they were not in the corridor when the assault occurred but at that time were seated in the prison dining hall eating supper. Their witnesses testified to the same effect. The defendants are dissatisfied that the jury did not believe them or their witnesses. An examination of the entire charge of the court, however, reveals that the jury was correctly instructed on the law of alibi and that this law was related to the defendants' evidence with sufficient particularity for the jury to have obtained a clear understanding of its significance in the case before them.

In the entire trial we find

No error.

BROCK and BRITT, JJ., concur.