STATE OF NORTH CAROLINA v. JOSEPH HOWES

No. 7328SC434

(Filed 1 August 1973)

Criminal Law § 91— motion for continuance for time to produce witnesses — denial proper

> Trial court did not err in denying defendant's motion for continuance requested in order to give him time to produce three additional witnesses at trial where defendant did not undertake to show the nature of the facts he proposed to establish by the witnesses' testimony and did not offer an explanation as to why he waited until the day of his trial to advise his counsel of the witnesses' names for the first time.

APPEAL by defendant from *Martin (Harry C.), Judge,* during the third week of the 27 November 1972 Session of Superior Court held in BUNCOMBE County.

Defendant was charged in a bill of indictment with the felony of an attempt to commit robbery with the use of firearms (G.S. 14-87). The State's evidence tended to show the following: On 19 September 1972, Mrs. Marie Penley was the custodian and operator of the Rock Haven Terrace Court, a tourist court at 1464 Patton Avenue, Asheville, N. C. Mrs. Penley and her husband lived in quarters which adjoined the business office where guests were registered. At about 3:00 a.m. the doorbell

rang and Mrs. Penley went into the office. Two persons were standing outside the front door, but only the defendant came in when Mrs. Penley unlocked the door. Defendant said he wanted a single room and he signed a registration card. As Mrs. Penley turned to get a room key, defendant pointed a pistol at her head and said "don't move," "if you move, I'll kill you." He asked where the money was and, as he reached over the counter to put his hand in the money drawer, Mrs. Penley grabbed the hand in which defendant held the gun. They struggled over the gun until both of them fell to the floor. Defendant got up and left. He did not get any of the money. Defendant was dressed in dark shoes, dark trousers, and a white T shirt. He left in a light-colored old automobile. He was arrested at about 4:00 a.m. of the same morning by the Asheville police. Defendant was identified at trial by Mrs. Penley.

Defendant's evidence tended to show the following: Defendant stayed at Red's Tavern on Lexington Avenue, Asheville, from about 8:00 or 9:00 p.m. until closing time around 2:00 a.m. on 19 September 1972. When he left Red's Tavern he left alone and drove a light-blue 1960 or 1964 Chevrolet automobile which belonged to a friend. He drove straight to the Dinner Bell Restaurant on Enka Highway where he was immediately joined by the friends he had been with at Red's Tavern. The group ate breakfast and sat around for about two hours. When defendant left the Dinner Bell Restaurant he left his friend's car in the parking lot, took the keys, and rode with a Mr. & Mrs. Rell. They drove to several motels to find a room for defendant, but no one would answer the doorbells. At the time they were stopped by the police they were on their way to another motel. Defendant did not at any time go to the Rock Haven Terrace, and did not attempt to rob anyone. Defendant was arrested about 4:00 a.m. at which time he was wearing a white T shirt and blue slacks.

A pistol fitting the general description given by Mrs. Penley was found in the automobile in which defendant was riding at the time of his arrest.

From a verdict of guilty and an active prison sentence, defendant appealed.

*Attorney General Morgan, by Assistant Attorney General Hensey, for the State.*

*Floyd D. Brock for the defendant.*

BROCK, Judge.

Defendant assigns as error the denial of his motion for a continuance. The record on appeal reflects the following: Mr. Floyd D. Brock was appointed on 19 September 1972 to represent defendant (almost three months prior to trial), and Mr. Brock conferred with defendant from time to time after the appointment. On the day on which defendant was scheduled to be tried, he advised his attorney for the first time that he had three additional witnesses he wanted for the trial. The only witness defendant had previously mentioned (Jack Messer) was served with subpoena on 8 December 1972, but failed to appear for trial. A capias instanter was issued by the court to bring the witness Messer before it, but the Sheriffs' Departments of Buncombe and Haywood Counties were unable to locate him at his residence or place of employment. According to defendant's testimony Mr. and Mrs. Rell, with whom defendant was riding at the time of his arrest, were with defendant at all times that the witness Messer was with him. Mr. and Mrs. Rell testified that defendant was with them at all times from about 9:00 p.m. until 4:00 a.m., except for a brief period about 2:00 a.m. when they traveled from Red's Tavern to the Dinner Bell Restaurant. Defendant, according to his own testimony, traveled alone to the Dinner Bell Restaurant. It appears, therefore, that Messer's testimony merely would have been cumulative.

As for the three additional witnesses requested by defendant on the day of his trial, defendant has not shown that their testimony would have been relevant or competent in his trial. Nowhere in defendant's testimony did he mention that the three witnesses were in his presence during the night and morning involved. He did not undertake to show the nature of the facts he proposed to establish by their testimony. He did not offer an explanation as to why he waited until the day of his trial to advise counsel of the three witnesses' names for the first time.

It is well settled that a motion for continuance is ordinarily addressed to the discretion of the trial court and its ruling will not be disturbed absent a showing of abuse of discretion. On this record, defendant has failed to show an abuse of discretion by the trial judge.

No error.

Judges HEDRICK and VAUGHN concur.