STATE OF NORTH CAROLINA v. JACK W. RIGSBEE

No. 7412SC185

(Filed 3 April 1974)

**1. Criminal Law § 91— unavailability of witness — continuance denied**

Defendant was not prejudiced by the trial court's denial of his motion to continue based upon the unavailability of a witness.

**2. Criminal Law § 84— search warrant for marijuana — currency in plain view — admissibility**

Where there was evidence on *voir dire* to support the trial court's finding that currency seized from defendant's apartment during a search for marijuana was in plain view, the trial court did not err in denying defendant's motion to suppress the currency.

**3. Narcotics § 4— possession and distribution of marijuana — sufficiency of evidence**

In a prosecution for possession and distribution of marijuana, evidence was sufficient to withstand defendant's motion for nonsuit where it tended to show that defendant sold three lids of marijuana to an SBI agent for $60 and that, when officers subsequently searched defendant's apartment pursuant to a warrant, they found three lids of marijuana and the marked $60.

**4. Criminal Law §§ 7, 113— entrapment — instruction not required**

In a prosecution for possession and distribution of marijuana, evidence presented by defendant was insufficient to require that the court instruct the jury on the defense of entrapment and apply the law to the facts of this case.

APPEAL from *Canaday, Judge,* 10 September 1973 Session, CUMBERLAND County Superior Court. Argued in the Court of Appeals 13 March 1974.

Defendant, an officer of the Fayetteville Police Department, was charged with possession of marijuana and with distribution of marijuana to a special agent of the S.B.I.

Prior to trial, defendant moved for a disclosure by the State of the identity of the female who was present at the time of the alleged sale and also the confidential informant on the ground that he would be unable adequately to prepare his defense absent a disclosure. In support of the motion, counsel argued that his defense would be based upon entrapment, and he needed the testimony of the confidential informant to establish that the criminal intent originated not with defendant, but in the threats and inducements made by the informant to defendant. Defendant testified in support of the motion that he

State v. Rigsbee

had made the sale because of the threats of the confidential informant that she would report his drug activities to the police unless he sold a quantity of marijuana to a friend of hers. The court ordered the State to furnish the name of the witness.

Over the objection of defendant the two charges were consolidated. Defendant moved for a continuance on the ground that the confidential informant was unavailable by reason of her being in jail awaiting trial for prostitution. The motion was denied.

The evidence presented by the State tended to show that S.B.I. Special Agent Adams drove Special Agent Douglas and the informant, Mary Helen Allen, to the residence of defendant. Douglas and Allen went into the house and purchased three lids of marijuana from defendant, using $60 in currency that had been previously marked by the S.B.I.

Following the purchase by Agent Douglas, Special Agents Windham and Harrah conducted a search pursuant to a warrant—stipulated by defendant to be valid as to the marijuana—wherein they discovered three lids of marijuana as well as the marked currency on top of the stereo speaker. Defendant contends, and the State does not deny, that the warrant made no mention of the currency.

Defendant moved to suppress the introduction of the currency, and on the resulting voir dire examination, the following testimony was received: Officer Harrah testified that the tops of the speakers were six to six and one-half feet from the floor, that he was six feet, one inch tall and that he could see the currency on the top of the speaker without moving anything out of the way. Defendant and his father both testified that the top of the speaker was seven feet, one and three-fourths inches from the floor and that the entire top of the speaker was obscured from view by a parachute which hung from the ceiling. The court found that Officer Harrah saw the currency on top of the speaker, and that he did not open any containers or move any objects in order to enable himself to see it. The court thereupon concluded that the currency was in plain and open view; and since a search was not necessary to its discovery, no warrant was required.

Defendant's motion for nonsuit at the close of State's evidence was denied.

Defendant took the stand and testified that he had known Mary Helen Allen prior to the arrest and that she had come to the door with Agent Douglas when Douglas had bought the marijuana. The State's objections to defendant's questions concerning threats made to him were sustained.

Defendant was found guilty on both charges, and from the entry and signing of judgment, he appeals.

*Attorney General Morgan, by Associate Attorney Webb, for the State.*

*Cherry & Grimes, by Donald W. Grimes, for defendant appellant.*

MORRIS, Judge.

[1] Defendant assigns error to the denial of his motion for continuance based upon the unavailability of the witness Mary Helen Allen. This Court has held continually that such a motion may be granted or denied in the sound discretion of the trial court. *State v. Willis,* 20 N.C. App. 365, 201 S.E. 2d 588 (1974) ; *State v. Howes,* 19 N.C. App. 155, 198 S.E. 2d 86 (1973) ; *State v. Fountain,* 14 N.C. App. 82, 187 S.E. 2d 493 (1972). Counsel for defendant concedes that he was aware of the contents of the conversations between defendant and Mary Helen Allen at the time of his conference with defendant in mid June 1973. He filed a written motion for disclosure of identity on 31 August 1973, which was allowed by the court. The case was continued from 10 September to 13 September at defendant's instance in order that he be able to locate said witness. On 13 September, defendant's motion for a further continuance was denied, with the court finding that Mary Helen Allen had been served with a subpoena but had failed to appear. Defendant has shown neither prejudice nor abuse of discretion.

Defendant assigns error to the trial court's sustaining State's objection to questions pertaining to the conception and planning of the crime. Although he lists this purported assignment of error as a question presented, defendant fails to offer argument or authority in support of this position, and the assignment is deemed abandoned. Rule 28, Rules of Practice in the Court of Appeals. For the same reason, defendant is deemed to have abandoned his assignment of error to the sustaining of the State's objections to questions regarding whether the

informant was paid and was under investigation for armed robbery.

[2]   There is no error in the court's denying defendant's motion to suppress the currency seized during the search for the marijuana.

> "It has long been settled that objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence." *Harris v. U.S.*, 390 U.S. 234, 236, 88 S.Ct. 992, 19 L.Ed. 2d 1067 (1968).

Since defendant concedes that the search was legal as to the marijuana, the only question presented is whether the currency was in plain view of the officers. The findings of the court previously referred to are based upon competent evidence on voir dire—although there is evidence to the contrary—and the findings of fact support the conclusion of the court that the currency was in plain view. Findings of fact made on voir dire will not be disturbed when based upon competent evidence, even though there is contrary evidence. *State v. Brooks*, 225 N.C. 662, 36 S.E. 2d 238 (1945).

[3]   Defendant assigns error to the denial of his motion for nonsuit made at the close of State's evidence. Since defendant presented evidence, his assignment of error presents for review the sufficiency of the evidence on the entire record to go to the jury. *State v. McWilliams*, 277 N.C. 680, 178 S.E. 2d 476 (1971). The evidence considered in the light most favorable to the State, giving the State the benefit of all reasonable inferences, and resolving all doubts in favor of the State is ample to establish defendant's guilt. *State v. McNeil*, 280 N.C. 159, 185 S.E. 2d 156 (1971). The nonsuit was properly denied.

[4]   In his final assignment of error, defendant contends that he is entitled to have the law of entrapment applied to the evidence. This contention is untenable in light of the testimony. The trial court in a criminal case must not only properly instruct the jury on the law of a particular defense, but it must also apply the law to defendant's evidence. *State v. Lovedahl*, 2 N.C. App. 513, 163 S.E. 2d 413 (1968). Defendant is correct in his position that the court's instructions are devoid of testimony concerning entrapment. However, defendant has in fact presented no testimony before the jury on which such a

defense could be grounded. As we have noted, defendant's testimony on the threats made by Mary Helen Allen was offered in support of a motion of disclosure of the informant's identity. The only testimony offered on entrapment was defendant's statement "After persuasion and threats I did give the three bags of marijuana to Curtis Douglas . . . The persuasion and threats were made by the confidential informant, Mary Helen Allen." Although the court did instruct the jury on the law of entrapment, the evidence presented by defendant is insufficient to warrant application of the law of entrapment to the facts in this case. Defendant received more beneficial instructions than he was entitled to have.

No error.

Chief Judge BROCK and Judge CARSON concur.