STATE OF NORTH CAROLINA v. RICHARD ALLAN SHUFFORD AND LARRY CLIFFORD SHUFFORD

No. 7725SC281

(Filed 21 September 1977)

1. Narcotics § 4— manufacture of marijuana— close juxtaposition— sufficiency of evidence

The State's evidence was sufficient for the jury on the issue of defendants' guilt of the felonious manufacture of marijuana where it tended to show that when officers requested entry into a third person's residence, they heard "motors running" and footsteps going through the house; officers discovered in the kitchen a trash compactor, several bags containing green leaf material, and three blenders filled with a green substance; two of the blenders were running; defendants, the third person, and compressed blocks of marijuana were found in a bedroom next to the kitchen; a trash compactor bag containing compressed marijuana was found in an upstairs bedroom; the trash compactor in the kitchen contained a piece of cardboard which caused it to form blocks the same size as the marijuana blocks found in the downstairs bedroom; and the trash compactor had been purchased by the third person, since evidence of defendants' close juxtaposition to the place where the marijuana was being manufactured was sufficient to overcome their motion for nonsuit on the charge of manufacturing marijuana.

2. Criminal Law § 132— motion to set aside verdict

A motion to set aside a verdict as being against the weight of the evidence is addressed to the discretion of the trial judge, and his refusal to grant the motion is not reviewable on appeal absent a showing of abuse of discretion.

3. Criminal Law § 124.5; Narcotics § 5— inconsistency in verdict

A verdict finding defendants not guilty of possession of marijuana with intent to manufacture but guilty of the manufacture of marijuana will not be disturbed on appeal, since the verdict is not required to be consistent.

APPEAL by defendants from *Thornburg, Judge.* Judgments entered 16 July 1976 in Superior Court, CATAWBA County. Heard in the Court of Appeals 30 August 1977.

Upon pleas of not guilty defendants were tried jointly on bills of indictment charging them with (1) felonious possession of approximately 100 pounds of marijuana with intent to manufacture, and (2) felonious manufacture of marijuana. The offenses allegedly occurred on 12 January 1976. They were found not guilty of (1) but

guilty of (2). From judgments imposing prison sentences of five years, they appealed.

*Attorney General Edmisten, by Deputy Attorney General William W. Melvin and Assistant Attorney General William B. Ray, for the State.*

*Triggs and Hodges, by C. Gary Triggs, for defendant appellants.*

BRITT, Judge.

[1]  By their first assignment of error, defendants contend that the court erred in denying their motions for nonsuit because the evidence failed to show either actual or constructive possession of the marijuana by them or that they manufactured marijuana. We find no merit in this assignment.

The State's evidence tended to show: On 12 January 1976 police officers obtained a search warrant for the residence of Gregory Watts. They knocked on the door of the Watts residence, announced that they were police officers with a search warrant and requested that the door be opened. After waiting a reasonable time and upon hearing "motors running" and "footsteps going through the house and into the upper part of the house", the officers forcibly gained entrance by kicking the door open. Inside the kitchen they found three blenders, two in operation, filled with a green substance; a trash compactor; a plastic trash can; and several bags with green leaf material in them. In a downstairs bedroom, they found defendants and Gregory Watts along with three suitcases and a burlap sack containing compressed blocks of marijuana. In an upstairs bedroom, they found a trash compactor bag containing compressed marijuana. The trash compactor which was found in the kitchen contained a piece of cardboard which caused it to form blocks the same size of the marijuana blocks found in the downstairs bedroom.

In addition the officers found a receipt from Sears for the trash compactor in the name of Earl Watson. Both the Sears salesman and the boy who loaded the trash compactor into the car at Sears remembered selling the compactor to Gregory Watts and another person whom they could not positively identify as one of the defendants. Several other bills and receipts, all in the name of Gregory Watts, were found in the house.

Defendants did not present any evidence but made motions for nonsuit at the close of the State's evidence.

When the evidence is considered in the light most favorable to the State, giving it the benefit of all reasonable inferences and resolving all doubts in its favor, as we are required to do, *State v. Rigsbee*, 21 N.C. App. 188, 203 S.E. 2d 660, *aff'd* 285 N.C. 708, 208 S.E. 2d 656 (1974), we think the evidence was sufficient to survive the motions for nonsuit. Although we find no case exactly on point with the case at hand, the following cases and articles are instructive in determining whether the State's evidence was sufficient to overcome the defendants' motions for nonsuit under the above stated test. *See State v. Smith*, 226 N.C. 738, 40 S.E. 2d 363 (1946); *State v. Adams*, 191 N.C. 526, 132 S.E. 281 (1926); *State v. Moore*, 190 N.C. 876, 130 S.E. 713 (1925); *State v. Sykes*, 180 N.C. 679, 104 S.E. 83 (1920); *State v. Perry*, 179 N.C. 718, 102 S.E. 277 (1920); *State v. Ogleston*, 177 N.C. 541, 98 S.E. 537 (1919). *See also State v. Minor*, 290 N.C. 68, 224 S.E. 2d 180 (1976); *State v. Baxter*, 21 N.C. App. 81, 203 S.E. 2d 93, *cert. granted* 285 N.C. 374, 205 S.E. 2d 99, *rev. on other grounds* 285 N.C. 735, 208 S.E. 2d 696 (1974). *See generally* Annot., 56 A.L.R. 3d 948 (1974); Annot., 47 A.L.R. 3d 1239 (1973); Annot., 64 A.L.R. 427 (1929); 7 Strong's N.C. Index 3d, Intoxicating Liquor §§ 15, 15.1, 17; 22 C.J.S., Criminal Law § 88(2) (1961); 23 C.J.S., Criminal Law §§ 790, 798(18) (1961).

G.S. 90-95(a)(1) makes the manufacturing of a controlled substance a criminal offense. G.S. 90-94 declares marijuana to be a controlled substance. G.S. 90-87(15) defines "manufacture" and provides that, among other things, the term includes production, preparation, compounding, processing, packaging or repackaging a controlled substance.

The evidence in the case at hand clearly showed that marijuana was being "manufactured", as that term is defined by statute, on the occasion in question. A considerable quantity of the vegetable material found downstairs was not marijuana but was mere grass and leaves. The strong inference is that the grass and leaves were being blended with the marijuana and the resulting material packaged into new blocks.

Defendants argue that mere presence at the place where a crime is being committed, without more, is not sufficient to withstand a motion for a nonsuit. *State v. Minor, supra; State v. Adams, supra. See also* 7 Strong's N.C. Index 3d, Intoxicating Liquor §§ 15, 15.1, 17; 22 C.J.S., Criminal Law § 88(2) (1961); 23 C.J.S., Criminal Law §§ 790, 798(18) (1961). While appellate court decisions relating to the manufacture of marijuana are limited, we think analogous North Carolina cases concerning the illegal manufacture of whiskey

are instructive on the question of sufficiency of the evidence required to survive a motion for nonsuit.

Based on the principles set out in the above articles and cases and the evidence presented in the present case, we think nonsuit was properly denied. The three major evidentiary points which supported the trial court's ruling were: (1) officers heard "running through the house" immediately after announcing the presence of the police and requesting entry; (2) defendants and Gregory Watts were found in the downstairs bedroom with the packaged marijuana next to the kitchen where the manufacturing paraphernalia was assembled; and (3) two of the blenders were in operation and manufacturing appeared to be in progress.

It has been held that presence at a place where illegal whiskey is being manufactured, along with other supporting evidence, is sufficient to overcome a defendant's motion for nonsuit. *State v. Adams, supra; State v. Perry, supra.* In the illegal manufacture of whiskey cases, the conduct of the defendants when found at the whiskey distillery and the fact that the distillery was in operation when the officers arrived were usually determinative factors in allowing the case to go to the jury. *State v. Smith, supra; State v. Moore, supra; State v. Sykes, supra; State v. Ogleston, supra.*

In *State v. Ogleston, supra,* the evidence for the State showed that the two defendants were the only ones found at the still which was in operation, that one was standing with his back to the fire of the still and the other was reclining on the ground. The court held that the evidence permitted the inference that the two men were manufacturing whiskey and was sufficient to support a denial of the motion for a nonsuit.

In *State v. Moore, supra,* the defendant claimed that he was at the still because of an invitation from a stranger whom he had met along the roadside and stated that he did not have a "bit of interest in the still." The court concluded that the evidence that the defendant was present at the still, that he ran when officers approached, that there was a fire under the still and that it had been recently operated, was sufficient for the jury to find him guilty of the illegal manufacture of whiskey.

In addition to the illegal manufacture of whiskey cases, there are cases involving the possession of narcotics which have held that evidence of close juxtaposition to the narcotics is sufficient to overcome a motion for nonsuit on a possession charge. *State v. Crouch,* 15 N.C. App. 172, 189 S.E. 2d 763, *cert. den.* 281 N.C. 760, 191 S.E. 2d

357 (1972). *See State v. Harvey,* 281 N.C. 1, 187 S.E. 2d 706 (1972). In *Crouch* the court stated at page 174 (765):

> The State may overcome a motion for a nonsuit by presenting evidence which places the accused "within such close juxtaposition to the narcotic drugs as to justify the jury in concluding that the same was in his possession." *State v. Allen,* 279 N.C. 406, 411, 183 S.E. 2d 680, 684. Also see *State v. Cook,* 273 N.C. 377, 160 S.E. 2d 49.

We perceive no reason why the principle of "close juxtaposition" should not apply to manufacturing of controlled substances as well as to their possession. The assignment of error is overruled.

By their second assignment of error, defendants contend the trial court erred in denying their motions to set aside the verdicts as being against the evidence and charge of the court and as being fatally inconsistent. We find no merit in this assignment.

[2] It is well settled that a motion to set aside a verdict as being against the weight of the evidence is addressed to the discretion of the trial judge and his refusal to grant the motion is not reviewable on appeal absent a showing of abuse of discretion. 4 Strong's N.C. Index 3d, Criminal Law § 132, p. 681. We perceive no abuse of discretion in the refusal to set aside the verdict in this case as being against the weight of the evidence and the charge of the court.

[3] On the question of inconsistent verdicts, in 4 Strong's N.C. Index 3d, Criminal Law § 124.5, p. 653, we find: "It is not required that the verdict be consistent; therefore, a verdict of guilty of a lesser degree of the crime when all the evidence points to the graver crime, although illogical and incongruous, or a verdict of guilty on one count and not guilty on the other, when the same act results in both offenses, will not be disturbed." *See also State v. Davis,* 214 N.C. 787, 1 S.E. 2d 104 (1939).

Defendants' second assignment of error is overruled.

In defendants' trial and the judgments imposed, we find

No error.

Chief Judge BROCK and Judge MORRIS concur.