STATE OF NORTH CAROLINA v. KENNETH MICHAEL LANCASTER AND RALPH KENNETH FLACK

No. 7826SC53

(Filed 15 August 1978)

1. **Criminal Law § 88.1— scope of cross-examination—discretionary matter**

    Where defendants were permitted to cross-examine a State's witness with respect to promises of leniency or immunity, and one defendant was permitted to ask questions designed to attack the credibility of the State's witness, further questioning on the matters was left to the sound discretion of the trial judge, and he did not abuse his discretion by limiting cross-examination in this case.

2. **Embezzlement § 6— employee not a trespasser—sufficiency of evidence of embezzlement**

    In a prosecution for embezzling nuts and bolts, defendant employee's contention that the State did not prove the crime of embezzlement since defendant was on his employer's premises after normal working hours and was therefore a trespasser is without merit where the evidence tended to show that it was not unusual for defendant's employment to require his presence on the employer's premises after the working day of other employees had ended; at the time of the alleged crime the working day had just ended, and defendant was therefore not a trespasser on the date in question.

3. **Indictment and Warrant § 17.1— no variance between indictment and proof —lesser offense proven—nonsuit properly denied**

    One defendant's motion for nonsuit on the ground of variance between the crime alleged in the bill of indictment, embezzlement, and the proof produced at trial, aiding and abetting the other defendant in embezzlement, was properly denied, since defendant was adequately notified in the indictment that he would be put on trial for the embezzlement of nuts and bolts taken from a named business establishment during a certain period of time, and defendant could not have been misled or prejudiced by being convicted of a lower grade of the principal offense charged.

4. **Embezzlement § 6.1; Criminal Law §§ 117.4, 119— request for special jury in-struction—scrutiny of accomplice's testimony—jury instructions proper**

In a prosecution for embezzlement, the trial court did not err (1) in failing to charge the jury from special instructions submitted by one defendant, since the instruction given contained in substance most of the instructions in defend-ant's special request; (2) in failing to instruct the jury that it should carefully scrutinize the testimony of an accomplice, since no request for such an instruc-tion was made; and (3) in repeatedly using one defendant's name in charging the jury as to the other defendant's aiding and abetting in the crime charged, since the court was not thereby expressing an opinion but was simply discharging his duty of applying the law to the evidence.

5. **Embezzlement § 6.1— embezzlement of nuts and bolts—items sufficiently iden-tified in jury instructions**

In a prosecution for embezzlement of nuts and bolts where the only nuts and bolts alluded to at trial were the kegs of nuts and bolts loaded onto pallets and taken from Mint Fasteners, Inc., the court's charge was sufficient to re-quire the jury to find that the nuts and bolts taken from the Mint Fasteners, Inc. warehouse were the nuts and bolts delivered and stored at one defendant's warehouse, and the instruction could not have confused the jury or prejudiced defendant.

6. **Criminal Law § 101.4— exhibits sent into jury room—no expression of opinion by court**

The trial judge's sending of exhibits into the jury room, absent a request from the jury and consent by defendants, did not amount to an expression of opinion on the truthfulness of the exhibits which would prejudice the jury's deliberations.

APPEAL by defendants from *Kirby, Judge*. Judgment entered 8 September 1977 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 22 May 1978.

The defendants, Kenneth Michael Lancaster and Ralph Ken-neth Flack, Jr., were charged with feloniously embezzling from Mint Fasteners, Inc. nuts and bolts valued at $10,000. Their cases were consolidated for trial.

The evidence for the State tended to show that defendant Lancaster was employed as the warehouse manager of Mint Fasteners, Inc. in Charlotte from 15 September 1976 until 15 January 1977. His responsibilities included the supervision of all the shipping and receiving of materials at the Mint Fasteners, Inc. warehouse. The defendant Flack is a salvage dealer who owns several stores across the state, including a warehouse in Gaston County. On 10 January 1977, defendant Flack and one of

his employees, Timothy Strange, drove a truck to the Mint Fasteners, Inc. warehouse. They arrived at the warehouse after normal working hours had ended. The defendant Lancaster was present at the warehouse and he loaded the truck with pallets containing kegs of nuts and bolts. The nuts and bolts were taken to the warehouse in Gaston County owned by defendant Flack.

The defendants offered evidence of an alibi. The defendant Flack offered evidence which tended to show that he left North Carolina on 7 January 1977 to attend a National Housewares Association and Businessmen's Show in Chicago, Illinois. He returned to North Carolina on 13 January 1977. The defendant Lancaster offered evidence which tended to show that he was visiting at the home of Mrs. Ruth Surratt in Spencer, North Carolina on 10 and 11 January 1977, where he assisted her in painting her home.

The jury returned a verdict of guilty of embezzlement against both defendants. Defendant Lancaster was sentenced to prison for a term of not less than three nor more than five years. Defendant Flack was sentenced to prison for a term of not less than seven nor more than ten years. Both defendants appeal.

*Attorney General Edmisten, by Associate Attorney Thomas H. Davis, Jr., for the State.*

*James H. Carson, Jr., for defendant appellant Ralph Kenneth Flack.*

*Yates and Talford, by Robert M. Talford, for defendant appellant Kenneth Michael Lancaster.*

WEBB, Judge.

Both defendants raise four assignments of error on appeal. For brevity, we will group the assignments of error common to both defendants.

[1] Defendants first contend that the trial court erred by restricting the cross-examination of the State's witness, Timothy Strange. Both argue that they should have been allowed to question Timothy Strange about promises of immunity or leniency in return for his testimony. *State v. Harris*, 290 N.C. 681, 228 S.E. 2d 437 (1976). Defendant Lancaster also contends that he was

prevented from effectively cross-examining the State's witness as to the trustworthiness and credibility of his testimony. We are unable to agree with defendants' contentions. With respect to promises of leniency or immunity, Timothy Strange testified as follows:

On direct examination:

"I have been charged in a bill of indictment along with Mr. Flack and Mr. Lancaster for embezzlement. I have pleaded guilty, but have not been sentenced at this time."

On cross-examination:

"I have not been sentenced yet. . . . I do not have an arrangement with the district attorney. If I plead guilty and testify, the district attorney will make certain recommendations. I don't know what the arrangement is. I am now awaiting sentencing.

\*      \*      \*

No promises were made to me. I gave a statement to the law enforcement center. I don't remember the date.

\*      \*      \*

State's Exhibit 1 is the transcript of my guilty plea in superior court on July 21st. It contains the agreement between the State, my lawyer and me."

We hold the record shows that both defendants were allowed to cross-examine the State's witness, Timothy Strange, as to promises of leniency or immunity. Once the defendants were afforded their right to question the witness in regard to promises of leniency in exchange for testimony, further questioning on the matter was left to the sound discretion of the trial judge. *See* 4 Strong, N.C. Index 3d, Criminal Law, § 88.1, p. 409. We do not believe the trial judge abused his discretion by limiting further questions concerning deals with the district attorney. Defendant Lancaster additionally argues that prohibiting an extensive cross-examination of Timothy Strange amounted to a denial of cross-examination concerning credibility and trustworthiness. Again, defendant Lancaster was allowed to ask questions designed to attack Timothy Strange's credibility. We do not find an abuse of discretion from limiting the scope of the questions asked.

[2]   Defendants next contend that the trial court erred in not granting motion for nonsuit as to each defendant at the close of the State's evidence and again at the close of all the evidence. It is well settled that upon a motion for nonsuit, all the evidence admitted is considered in the light most favorable to the State; the State's evidence is taken as true; inconsistencies or contradictions therein are disregarded, and the State is entitled to every reasonable intendment thereon and every reasonable inference therefrom. 4 Strong, N.C. Index 3d, Criminal Law, § 104, p. 541. Defendant Lancaster argues that the State has not proved the crime of embezzlement since the defendant Lancaster was on his employer's premises after normal working hours and was therefore a trespasser. He argues that if he has committed a crime, it would be larceny and not embezzlement. We disagree. Lewis Moore, president of Mint Fasteners, Inc., testified that "Mr. Lancaster's hours varied, but usually were from 8 in the morning until 5 in the evening. His job description and specific duties were that he would have total responsibility for the warehouse, including hiring and firing, shipping and receiving. . . ." He further testified that defendant Lancaster "had a key to the door and was usually the first one there in the morning and the last one to leave in the evening." Timothy Strange testified that on the date of the incident he saw the defendant Lancaster at 6:30 p.m. or 7:00 p.m. He further testified that "When I got there, I guess they were fixing to close, because a lot of people were leaving at the time I arrived. It was turning dark when Ken Lancaster came out. . . ." When we examine this evidence in the light most favorable to the State, we believe it shows that it was not unusual for defendant Lancaster's employment to require his presence on the premises of Mint Fasteners, Inc. after the working day of other employees had ended; that on the day of the incident the working day had just ended, and therefore, defendant Lancaster was not a trespasser on the date in question.

[3]   Defendant Flack contends his motion for nonsuit should have been granted for a variance between the crime alleged in the bill of indictment, embezzlement from Mint Fasteners, Inc., and the proof produced at trial, aiding and abetting defendant Lancaster in embezzlement from Mint Fasteners, Inc. The requirement that indictments be stated with sufficient certainty is rooted in the notion that a defendant needs to know the crime charged to allow

proper preparation of a defense. *State v. Daye*, 23 N.C. App. 267, 208 S.E. 2d 891 (1974). It also identifies the crime for jeopardy to attach and for the court to proceed to judgment. We believe the defendant was adequately notified in the indictment that he would be put on trial for the embezzlement of certain nuts and bolts taken from Mint Fasteners, Inc. during a certain period of time. We do not see how he could be misled or prejudiced by being convicted of a lower grade of the principal offense charged. In *State v. Ogleston*, 177 N.C. 541, 98 S.E. 537 (1919), the Court upheld the conviction of two defendants for aiding and abetting in the manufacture of spiritous liquors where the defendants had been charged with the manufacture of spiritous liquors. We cannot distinguish the complaint of defendant Flack from the holding in *Ogleston*.

[4] Both defendants have assigned error in the charge to the jury. Defendant Lancaster argues that the trial court erred when it failed to charge the jury from special instructions he submitted. The special instructions were designed to point out the distinctions between larceny and embezzlement. We note that the charge given contained in substance most of the instructions in defendant Lancaster's special request for instructions. *State v. Beach*, 283 N.C. 261, 196 S.E. 2d 214 (1973). No specific request was made for a charge on larceny and we believe the trial judge was correct in charging the jury on embezzlement since the evidence at trial supported such a charge. We do not find any prejudice to defendant Lancaster in the instructions as given. Error is also assigned to the trial judge's failure to instruct the jury that it should carefully scrutinize the testimony of Timothy Strange, an accomplice in the embezzlement. No request was made by defendant Lancaster for such an instruction and absent a request, we find no error in the charge. *State v. Brinson*, 277 N.C. 286, 177 S.E. 2d 398 (1970). As his final objection to the jury charge, defendant Lancaster contends the court expressed an opinion on the evidence when defendant Lancaster's name was repeatedly used in charging the jury as to defendant Flack's aiding and abetting in the embezzlement. There is no merit in this argument. The trial judge is under a duty to apply the law to the evidence. G.S. 1-180. The repeated use of defendant Lancaster's name was entirely proper.

[5]   Defendant Flack contends the court erred in its charge on embezzlement by not instructing the jury that it must find that the nuts and bolts taken from Mint Fasteners, Inc. and received by defendant Flack were the nuts and bolts referred to in the trial. In the charge, the trial judge instructed that the jury should find from the evidence and beyond a reasonable doubt that "pallets were loaded on the truck by Lancaster . . ." and that "Kenneth Flack returned and drove the truck on the return trip to Gastonia, North Carolina to the warehouse of Kenneth Flack. . . ." The only nuts and bolts alluded to at trial were the kegs of nuts and bolts loaded onto the pallets and taken from Mint Fasteners, Inc. We believe the court's charge requires the jury to find that the nuts and bolts taken from the Mint Fasteners, Inc. warehouse were the nuts and bolts delivered and stored at defendant Flack's warehouse. We do not believe the jury was confused or the defendant prejudiced by the instructions.

[6]   As his final assignment of error, defendant Flack contends it was error for the trial judge to instruct the jury to take exhibits into the jury room when they retired for deliberations, absent a request to do so from the jury and consent from the defendants. Defendant Flack alleges this conduct amounted to an expression of opinion as to the veracity of the exhibits. Even if we assume for argument that the trial judge's action was improper, the defendant has failed to show how the exhibits prejudiced the verdict of the jury. *See State v. Haltom,* 19 N.C. App. 646, 199 S.E. 2d 708, *appeal dismissed,* 284 N.C. 619, 201 S.E. 2d 691 (1973); 2 N.C. Practice and Procedure, McIntosh, § 1545 (Phillips Pocket Part). We do not find the trial judge's sending of exhibits to the jury room to be an expression of truthfulness of the exhibits prejudicing the jury's deliberations.

In the trial of defendant Lancaster and defendant Flack, we find

No error.

Chief Judge BROCK and Judge CLARK concur.