STATE OF NORTH CAROLINA v. RUFFIN KEYES

STATE OF NORTH CAROLINA v. FRANK CASHION

Nos. 832SC50 and 832SC342

(Filed 18 October 1983)

1. Criminal Law § 104— consideration of evidence on motion for nonsuit

In ruling on a motion for dismissal, the trial judge must consider the evidence in the light most favorable to the State, and the State is entitled to every reasonable intendment and every reasonable inference to be drawn from the evidence. If the evidence is sufficient only to raise a suspicion or conjecture as to the commission of the offense or the identity of the perpetrator, the motion to dismiss should be allowed.

2. Embezzlement § 6— insufficient evidence of embezzlement

The State's evidence was insufficient for the jury in a prosecution of defendants for embezzlement of machinery parts where it tended to show only that defendants may have had access to machinery parts, but there was no evidence that defendants received machinery parts by the terms of their employment.

3. Embezzlement § 1— offense defined

Embezzlement is the fraudulent conversion of property by one who has lawfully acquired possession of it for the use and benefit of the owner, i.e., in a fiduciary capacity.

4. Embezzlement § 3— necessity for lawful possession

The fact that a defendant is an employee of a business does not change theft of goods from larceny to embezzlement if the defendant never had lawful possession of the property.

APPEAL by defendants from *Small, Judge.* Judgments entered 8 June 1982 in Superior Court, BEAUFORT County. Heard in the Court of Appeals 27 September 1983.

In August of 1981, defendants were each indicted for embezzlement of brass and copper materials from the Texasgulf plant in Aurora, North Carolina. Pursuant to a motion by the State, and

over objections by each defendant, the trial court ordered defend-
ant Cashion's and defendant Keyes' trials joined on 8 October
1981. On 1 March 1982, the grand jury issued a corrected bill of
indictment, changing the dates of the alleged embezzlements,
from 18 July 1981 for Cashion and 4 November 1980 for Keyes, to
"from July 31, 1980 through July 18, 1981" for each defendant.

At trial the State's evidence tended to show the following
facts: Defendants worked together as a troubleshooting team for
the plant, Cashion as a shift electrician and Keyes as a shift
mechanic. In these positions, defendants had free access to the
plant, but neither had the authority to buy or sell machinery com-
ponents. Several brass and copper components disappeared from
the plant during the weekend of 17 July 1981 through 19 July
1981. A private investigator hired by Texasgulf located some of
the missing items at a local salvage yard. Defendant Cashion sold
various machinery parts to this salvage dealer on 18 July 1981.
Cashion and Keyes had sold similar items to the salvage dealer on
previous occasions. The defendants were arrested on 29 July
1981. After his arrest Keyes made the statement: "I'm guilty for
selling, there's no doubt about it."

At several points during the State's evidence, both defend-
ants made motions to sever, all of which were denied. When the
State rested, both defendants made motions to dismiss, renewed
their motions to sever, moved to quash the bills of indictment,
and moved for mistrial. All motions were denied. Defendants put
on no evidence. The jury returned verdicts of "guilty of embezzle-
ment" against both Cashion and Keyes and each defendant re-
ceived a five year sentence. Defendants each appeal. Upon motion
of counsel and pursuant to N.C. R. App. P. 40, the actions were
consolidated for hearing before the North Carolina Court of Ap-
peals.

*Attorney General Edmisten, by Assistant Attorney General
Richard H. Carlton, for the State in No. 832SC342.*

*Attorney General Edmisten, by Special Deputy Attorney
General John R. B. Matthis and Assistant Attorney General John
F. Maddrey, for the State in No. 832SC50.*

*Sumrell, Sugg & Carmichael, by James R. Sugg and Rudolph A. Ashton, III, for defendant-appellant Cashion.*

*Stephen A. Graves for defendant-appellant Keyes.*

EAGLES, Judge.

Defendants assign as error the trial court's denial of defendants' motions to dismiss at the end of the evidence. We agree that the trial court erred.

[1]  To withstand a motion to dismiss for insufficiency of the evidence, there must be substantial evidence of all material elements of the offense charged. G.S. 15A-1227; *State v. Murphy,* 49 N.C. App. 443, 271 S.E. 2d 573 (1980). Whether the State offered substantial evidence of all the material elements is a question of law for the trial judge. In ruling on a motion for dismissal, the trial judge must consider the evidence in the light most favorable to the State, and the State is entitled to every reasonable intendment and every reasonable inference to be drawn from the evidence. *State v. Earnhardt,* 307 N.C. 62, 296 S.E. 2d 649 (1982). If the evidence is sufficient only to raise suspicion or conjecture as to the commission of the offense or the identity of the perpetrator, the motion to dismiss should be allowed. *State v. Bright,* 301 N.C. 243, 257, 271 S.E. 2d 368, 377 (1980).

[2]  The elements of embezzlement on which the State must offer substantial evidence in order to withstand a motion to dismiss are:

    (1) [T]hat the defendant was the agent of the prosecutor, and

    (2) by the terms of his employment had received property of his principal;

    (3) that he received it in the course of his employment; and

    (4) knowing it was not his own, converted it to his own.

G.S. 14-90; *State v. McCaskill,* 47 N.C. App. 289, 292, 267 S.E. 2d 331, 333, *cert. denied,* 301 N.C. 101, 273 S.E. 2d 306 (1980). The State offered no substantial evidence that either defendant had received the machinery components by virtue of their fiduciary capacity. In fact, the foreman who had direct supervision over defendants testified that: "I had never given them approval to

purchase an impeller or any brass bearing housings. Nor had I given either of them authority to sell any materials or equipment of Texasgulf. Neither Cashion nor Keyes ever asked my permission to sell or remove from the premises a brass Hazelton bearing housing or a Worthington impeller." The evidence shows that defendants may have had access to machinery parts, but there is no evidence that they received machinery parts by the terms of their employment.

[3, 4] There is a difference between having access to property and possessing property in a fiduciary capacity. Embezzlement is the fraudulent conversion of property by one who has lawfully acquired possession of it for the use and benefit of the owner, i.e., in a fiduciary capacity. Larceny is the fraudulent conversion of property by one who has acquired possession of it by trespass. *State v. McDonald,* 133 N.C. 680, 683, 45 S.E. 582, 583 (1903). The fact that a defendant is an employee of a business does not change theft of goods from larceny to embezzlement if the defendant never had lawful possession of the property. *State v. Whitley,* 208 N.C. 661, 663, 182 S.E. 338, 340 (1935). This case is unlike *State v. Lancaster,* 37 N.C. App. 528, 246 S.E. 2d 575, *cert. denied,* 295 N.C. 650, 248 S.E. 2d 255 (1978), where a warehouse manager was properly charged with embezzling component parts because he had the responsibility of supervising and receiving all materials in the warehouse. Here, neither Cashion nor Keyes received, took lawful possession of, or were entrusted with components by virtue of a fiduciary capacity.

A defendant must be convicted, if convicted at all, of the particular offense charged in the bill of indictment. *State v. Babb,* 34 N.C. App. 336, 340, 238 S.E. 2d 308, 310 (1977). We hold that there was a fatal variance between the allegations of the indictment and the proof the State presented at trial, and, therefore, the motion to dismiss the embezzlement charges should have been granted.

We do not reach defendants' other assignments of error, concerning the trial court's denial of defense motions to sever, deficiency of the corrected indictments, admission of the results of chemical tests, introduction of certain statements by defendant Cashion, the jury instructions, application of aggravating and mitigating factors during the sentencing hearing, and denial of defendants' motion for appropriate relief.

Reversed.

Judges ARNOLD and PHILLIPS concur.