STATE OF NORTH CAROLINA v. BONNIE WESTBROOK McHENRY

No. 865SC331

(Filed 7 October 1986)

**Narcotics § 4.1— alteration of prescription—insufficient evidence of obtaining narcotics by fraud**

The State's evidence was insufficient to support defendant's conviction of obtaining a controlled substance by fraud in violation of N.C.G.S. § 90-108(a) (10) where it tended to show that defendant received a valid medical prescription for ten Percocet tablets, and that the prescription was altered to show entitlement to forty tablets, but that defendant in fact received only one Percocet tablet pursuant to the prescription and thus did not receive more tablets than her valid prescription authorized.

APPEAL by defendant from *Llewellyn, Judge.* Judgment entered 5 November 1985 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 27 August 1986.

Defendant was charged in a proper bill of indictment with obtaining a controlled substance by forging a prescription in violation of G.S. 90-108(a)(10). The State presented evidence at trial tending to show the following facts:

On 3 May 1985, defendant received a prescription from her dentist for ten (10) dosage units of Percocet for pain. She took the prescription to a drugstore in Wilmington to have it filled. After presenting the prescription at the pharmacy counter, defendant asked for and received one of the tablets for her pain while she waited for the rest of the prescription to be filled. Some minutes later, the pharmacist noticed the prescription had been altered to change the dosage units from ten to "fourty" [sic] tablets. The pharmacist called defendant's dentist and confirmed that the prescription had been written only for ten dosage units. The pharmacist then contacted the sheriff's department, which sent officers who arrested defendant. Defendant contended she did not alter the prescription and that someone must have gone into her car and changed it while she shopped at a nearby store.

At the close of all evidence, defendant moved to dismiss the charge based on the insufficiency of the evidence and requested an instruction on attempt as per G.S. 90-98. The trial court denied these motions.

The jury found defendant guilty as charged and the court entered judgment imposing a one-year suspended sentence, fine, and costs. Defendant appeals from the judgment.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Thomas D. Zweigart, for the State.*

*Jeffrey S. Miller for defendant appellant.*

ARNOLD, Judge.

Defendant contends the evidence was insufficient to support her conviction under G.S. 90-108(a)(10). We agree. To withstand a motion to dismiss for insufficiency of the evidence, there must be substantial evidence of all material elements of the offense charged. *State v. Keyes*, 64 N.C. App. 529, 307 S.E. 2d 820 (1983). In ruling on a motion for dismissal, the trial judge must consider the evidence in the light most favorable to the State, and the State is entitled to every reasonable inference to be drawn from the evidence. *Id.*

General Statute 90-108(a)(10) provides that it shall be unlawful for any person "to acquire or obtain possession of a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge." The evidence shows defendant was given a valid medical prescription entitling her to ten Percocet tablets, a controlled substance under State law. Defendant obtained only one Percocet tablet while possessing an altered prescription. The evidence indicates defendant did not obtain anything to which she was not entitled even though she attempted to gain more tablets by altering the prescription. The alteration of the prescription does not alter the fact that she was entitled to receive ten Percocet tablets, and in fact only received one tablet. The evidence would support a conviction for the attempt to obtain a controlled substance by fraud; however, the trial court refused to give an instruction on attempt and to submit it as a possible verdict. Since defendant did not receive more Percocet tablets than her original prescription authorized, the evidence will not support her conviction. The judgment of the trial court must therefore be

Reversed.

Judges EAGLES and PARKER concur.