STATE OF NORTH CAROLINA v. E. A. BRITT

No. 8710SC217

(Filed 15 September 1987)

**Embezzlement § 6— conversion of AFL-CIO Credit Union funds—insufficiency of evidence of fraudulent intent**

>   Evidence of fraudulent intent was insufficient to support defendant's conviction for embezzlement where the indictments charged that defendant fraudulently converted AFL-CIO Credit Union funds by using them to buy used cars from the State's Division of Purchase and Contract and selling the cars to Credit Union members, but evidence tended to show that defendant was not aware that funds used in the automobile transactions were Credit Union funds but instead thought they were the personal funds of his brother-in-law, manager of the Credit Union.

APPEAL by the defendant from *McLelland, Judge.* Judgment entered 26 August 1986 in Superior Court, WAKE County. Heard in the Court of Appeals 2 September 1987.

Defendant E. A. Britt was charged in proper bills of indictment with eight counts of embezzlement in violation of G.S. 14-90. At the time of the alleged offenses, defendant was Secretary-Treasurer of the State AFL-CIO and Treasurer of that union's credit union. The indictments charged Britt with fraudulently converting AFL-CIO Credit Union funds, working with his brother-in-law, the manager of the Credit Union, by buying used cars from the State's Division of Purchase and Contract using Credit Union funds and selling them to Credit Union members. Defendant's evidence tended to show that defendant Britt was not aware and had no intent to fraudulently convert the Credit Union funds used in the automobile transactions. At the conclusion of the State's evidence and at the conclusion of all the evidence, defendant

moved to dismiss. The trial court denied the motions to dismiss. From judgment entered upon conviction on all eight charges, defendant Britt appeals.

*Attorney General Thornburg, by Assistant Attorney General Michael Rivers Morgan, for the State.*

*Tharrington, Smith & Hargrove by Roger W. Smith for defendant-appellant.*

EAGLES, Judge.

Defendant assigns as error the failure of the trial judge to grant his motion to dismiss. Defendant argues the State failed to put forth any evidence to show that he acted with fraudulent intent. After careful review, we agree.

In ruling upon a motion to dismiss, the trial judge must consider the evidence in the light most favorable to the State and giving the State the benefit of every reasonable inference drawn from that evidence. *State v. Smith,* 40 N.C. App. 72, 252 S.E. 2d 535 (1979). The reviewing court must determine whether there is substantial evidence of each essential element of the crime charged. *State v. McKinnon,* 306 N.C. 288, 293 S.E. 2d 118 (1982). To convict of embezzlement, the State must prove that (1) the defendant, older than 16, acted as an agent or fiduciary for his principal, (2) he received money or valuable property of his principal in the course of his employment and through his fiduciary relationship, and (3) he fraudulently or knowingly and willfully misapplied or converted to his own use the money of his principal which he had received in a fiduciary capacity. *State v. Pate,* 40 N.C. App. 580, 253 S.E. 2d 266, *cert. denied,* 297 N.C. 616, 257 S.E. 2d 222 (1979).

The State must prove each element of the offense beyond a reasonable doubt, including the essential element of fraudulent intent. *State v. Thompson,* 50 N.C. App. 484, 274 S.E. 2d 381, *disc. rev. denied,* 302 N.C. 633, 280 S.E. 2d 448 (1981). The intent necessary to convict on a charge of embezzlement is an intent of the agent to embezzle or otherwise willfully and corruptly use or misapply the property of the principal for purposes for which the property is not held. *State v. Gentry,* 228 N.C. 643, 46 S.E. 2d 863, *cert. denied,* 335 U.S. 818 (1948).

Proof of conversion of the principal's property without fraudulent intent being proven will not sustain a conviction of embezzlement, *State v. Cohoon*, 206 N.C. 388, 174 S.E. 91 (1934). The State's failure to show substantial evidence of fraudulent intent would be sufficient grounds to grant the defendant's motion to dismiss. *State v. Keyes*, 64 N.C. App. 529, 307 S.E. 2d 820 (1983).

By defendant's introduction of evidence, he waived his motion for dismissal at the conclusion of the State's evidence. G.S. 15-173; *State v. Powell*, 74 N.C. App. 584, 328 S.E. 2d 613 (1985). The renewal of the motion to dismiss at the conclusion of all the evidence compels this court to consider the motion in light of all the evidence presented at trial. *State v. McWilliams*, 277 N.C. 680, 178 S.E. 2d 476 (1971).

At the trial the evidence tended to show the following: The defendant entered the business of buying and selling cars soon after a wall collapsed in his home during remodeling. At that time, his brother-in-law, George Potter, was manager of the AFL-CIO Credit Union. Defendant Britt knew that his brother-in-law made extra money buying cars through the North Carolina Division of Purchase and Contract and selling them to Credit Union members. Britt asked Potter if he could participate in the car sales business and Potter consented.

Shortly thereafter, Britt began to assist Potter in the buying and selling of automobiles. Prior to buying the first car Britt filled out a loan application and delivered it to Potter. That application was never processed. Britt and Potter went together to the Division of Purchase and Contract to pick out the first car in their joint venture. Seven other cars were later bought from the North Carolina Division of Purchase and Contract and on each of those seven occasions the cars were sold to Credit Union members. Two of the sales to the Credit Union members occurred the same day that Potter and Britt bought the cars. Only a short period of time elapsed between the initial purchase from North Carolina Division of Purchase and Contract and the remaining sales.

The money used to initially purchase the cars was Credit Union money in each instance. In all eight instances Britt titled the cars in his name and either Britt alone or Britt and Potter

together received profits from the sale of the cars. Other than the initial loan application form he had delivered to Potter, Britt did not take out any loan to finance the purchase of the cars and did not enlarge any then outstanding loan to cover the purchase price.

The defendant, in uncontradicted testimony, stated that he had offered to pay Potter one-half the purchase price of the first car. Potter refused the offer indicating that he would use his personal funds because he already had a buyer lined up and the car sold. Potter claimed that he had a waiting list of prospective buyers. Potter, testifying for the State, stated that he did not tell Britt that the funds being used to purchase the cars were Credit Union funds rather than his own personal monies. After this occasion, Potter and Britt never discussed the origin of the funds used to purchase the cars.

In reviewing a motion to dismiss at the conclusion of all the evidence, the court must consider any evidence presented by the defendant which rebuts the inference of guilt so long as it is not contradicted by any of the State's evidence. *State v. Bates*, 309 N.C. 528, 308 S.E. 2d 258 (1983). The record demonstrates that the State presented no evidence which indicated Britt was aware that the purchase of the eight automobiles had been subsidized by the Credit Union. In fact, Britt's uncontradicted evidence shows that he thought the cars were bought with his brother-in-law's money. Potter's testimony that he maintained a waiting list of buyers and evidence that there was a quick turnover time in selling the cars further buttress defendant's testimony. Consequently, we find there was insufficient evidence of defendant Britt's fraudulent intent as required by G.S. 14-90 and that the trial judge erred in denying defendant's motion to dismiss.

Our finding here makes it unnecessary to address the defendant's additional assignments of error. The judgment is vacated and the cause remanded for dismissal of the charges.

Reversed.

Judges WELLS and MARTIN concur.